MOONEY *v.* HILL.

DEATH—VOLUNTARY CONTRIBUTIONS BY ADULT SON—PARENTS AS
NEXT OF KIN—DAMAGES.

> The assumption of an obligation to make part of the monthly
> mortgage payments on the home of parents of 24-year-old son
> and his other contributions toward the home and for family
> use, even though voluntary, was sufficient to place his parents
> in the class of next of kin suffering pecuniary loss recoverable
> under the death act (CL 1948, §§ 691.581, 691.582).

Appeal from Saginaw; O'Neill (James E.), J.
Submitted April 4, 1962. (Docket No. 18, Calendar
No. 49,189.) Decided July 2, 1962.

Case by Steven A. Mooney, administrator of the
estate of Thomas Mooney, deceased, for damages
under the death act. Verdict and judgment for plain-
tiff. From an order granting new trial unless re-
mittitur filed, plaintiff appeals. Reversed and re-
manded for entry of judgment on verdict.

*Doozan, Scorsone & Trogan,* for plaintiff.

SOURIS, J. The question presented by this appeal
is whether the surviving parents of an adult unmar-
ried male child, who voluntarily contributed to their
support, may recover damages for their loss of such

REFERENCES FOR POINTS IN HEADNOTE
16 Am Jur, Death § 218.
Pecuniary value of services rendered by deceased without legal ob-
ligation as element of damages for his death. 53 ALR 1103.

support in an action under the wrongful death act.*
*Rytkonen* v. *City of Wakefield,* 364 Mich 86, decided
by this Court subsequent to the entry of the order
below from which this appeal is taken, considered,
and decided the same question and governs our dis-
position of this case.

Thomas Mooney was killed in an automobile acci-
dent. He was 24 years of age at death and was sur-
vived by both parents and 4 brothers and sisters.
Appellant, administrator of his estate, sought dam-
ages for loss of decedent's support to his parents
and the jury was instructed that if it found in plain-
tiff's favor, it could award damages for such loss of
support as well as for other damages proved. A ver-
dict for $8,500 was returned by the jury.

On defendant's subsequent motion for new trial,
the trial judge ordered appellant to remit all of the
jury verdict except $1,155.44, the exact amount of
the burial expense, as a condition of denial of the
motion. Upon appellant's refusal to accept the order
of remittitur, defendant's motion for new trial was
granted and this appeal was thereupon taken upon
leave granted.

Decedent's mother had incurred substantial medi-
cal expenses over a period of several years prior to
his death to pay which his parents' home had been
mortgaged. Decedent at the time of his death was
paying 1/2 the monthly mortgage payment as well
as other expenses of the household. He paid $37.81
each month toward the cost of siding put on the home
at a total cost of $2,000; he purchased furniture,
household equipment, and clothes for the younger
children, and otherwise regularly contributed money
and services to his parents. At his death, his father
was 55 years old, earning $1.53 an hour, and his
mother was 45, then employed as a nurses' aid at

* CL 1948, §§ 691.581, 691.582 (Stat Ann 1959 Cum Supp §§ 27-
.711, 27.712).

about $35 per week. While in military service several years before his death, decedent voluntarily sent his parents for their own use $50 or $60 each month.

The record discloses that decedent, over a period of several years prior to his death, had contributed substantially to the support of his parents and his younger brothers and sisters. As in *Rytkonen* v. *City of Wakefield, supra,* p 95, "The assumption of the obligation, even though voluntary and not compelled for whatever reason, was sufficient to place [his parents] in the class of next of kin suffering pecuniary loss recoverable under the death act."

Reversed and remanded for entry of judgment in accordance with the jury's verdict. Costs to plaintiff.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred.