PEOPLE *v.* KAIGLER

1. CRIMINAL LAW—JURY—IMPARTIAL JURORS—MISTRIAL—DISCRE-
TION.

Refusing to grant defendant a mistrial was not an abuse of
discretion where on *voir dire* the jurors unanimously respond-
ed that neither they nor any of their relatives were ever in-
volved in a robbery, during the course of trial one of the
jurors remembered that about 10 years before his wife and
her mother were victims of an armed robbery and reported
this to the court, the court held a separate hearing and deter-
mined that the juror could proceed impartially, but offered
defense counsel the choice of excusing the juror and proceed-
ing with 11, or proceeding with 12.

2. CRIMINAL LAW—JURY—PREJUDICE—BIAS—FINDING OF FACT.

Lack of actual bias or prejudice of a challenged juror is a mat-
ter for the trial judge's determination.

Appeal from Recorder's Court of Detroit, Don
Binkowski, J.  Submitted Division 1 May 11, 1971,
at Detroit.  (Docket No. 10010.)  Decided June 28,
1971.  Leave to appeal denied, 385 Mich 786.

Darnell Kaigler was convicted of unarmed rob-
bery.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Der-
engoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Thomas R. Lewis,*
Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  47 Am Jur 2d, Jury § 209.

*Patmon, Young & Kirk, P. C.* (by *Gerald K. Dent*), for defendant on appeal.

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,[*] JJ.

Per Curiam. Defendant was charged with robbery armed, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797), and convicted by a jury of the lesser included offense of robbery unarmed, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). Defendant was placed on probation for a term of five years with one of the conditions being that he serve the first six months in the Detroit House of Correction.

Defendant has been represented throughout the proceedings by retained counsel. Defendant brings timely claim of appeal by right on the ground that the trial judge abused his discretion in denying defendant's motions for mistrial and new trial.

The people have filed a motion to affirm the conviction and sentence.

During the *voir dire* examination of prospective jurors the question of whether any of the panel or their relatives had been involved in a robbery was asked. The response was unanimously negative. The jury was sworn and defendant's trial commenced. Sometime during the trial one of the jurors remembered that approximately ten years before, his wife and her mother had been victims of an armed robbery. The juror reported this to the trial judge who immediately conducted a separate hearing to determine the effect of the prior robbery.

It is clear from the record that an oversight occurred and that there was no deliberate attempt on

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the part of the juror to conceal any pertinent facts from the court or from counsel. After examining the juror, the trial judge was convinced that he could remain on the jury panel and proceed impartially.

The judge offered defense counsel the option of excusing the juror in question and proceeding with 11 jurors or allowing the juror to remain and proceed with a full panel of 12. Defense counsel instead moved for mistrial, which was denied. The trial continued with a full jury panel of 12.

After defendant's conviction a motion for new trial was made on the ground of abuse of discretion in not dismissing the juror and in not granting the motion for mistrial. The motion for new trial was denied after oral arguments were heard. In denying the motion, the trial judge reiterated his belief that the juror honestly answered the questions put to him and that the previous robbery was so remote in time as to have no effect on the juror's ability to be impartial.

It is clear that the issue on appeal involves an area of judicial discretion. Lack of actual bias or prejudice of a challenged juror is a matter for the trial judge's determination. *Rice* v. *Winkelman Brothers Apparel, Inc.,* (1968), 13 Mich App 281; *People* v. *Anglin* (1967), 6 Mich App 666. Once a question of possible prejudice of a juror is raised it is then for the trial judge to interrogate the juror and to make a finding of bias or lack thereof. *Bunda* v. *Hardwick* (1965), 376 Mich 640. The trial judge has wide discretion in his examination and when such prerogative is properly exercised by the trial judge this Court will not reverse unless the record indicates a clear abuse of discretion. *People* v. *Anglin, supra; Rice* v. *Winkelman Bros. Apparel, Inc., supra.*

A careful review of the present record reveals no such abuse of discretion. Quite to the contrary, the record indicates that the trial judge prudently and fairly exercised the discretion allowed him in deciding that the juror could render an impartial unbiased verdict. Defense counsel had ample opportunity to have the juror dismissed and continue with a jury panel of 11. There was positive evidence on the record that the remaining 11 jurors had no idea of the reason for separate questioning of the twelfth juror and they were in no way tainted by his previous experience.

It should further be noted that the present case is distinguishable from those relied on by defendant for reversal. The present case is not one of a juror purposefully misleading the court and counsel and later being challenged by one or the other. Rather, the juror in the present case voluntarily came forward with information previously forgotten. The trial judge was satisfied with the honesty of the juror's answers and his ability to render a fair verdict. There was no abuse of discretion. Defendant received a fair trial.

The motion to affirm is granted.