## SWARTZ v DOW CHEMICAL COMPANY

Docket No. 78-4639. Submitted December 4, 1979, at Lansing.—Decided February 5, 1980. Leave to appeal applied for.

Brian Swartz, a 19-year-old employee of Baker-Perkins Company, died from asphyxiation when he was cleaning a gimbal box with Dowclene. William L. Swartz, his father, individually and as administrator of his estate and his mother Anna Swartz, individually, brought a wrongful death action against Dow Chemical Company and McKesson Chemical Company, the manufacturers and distributors of Dowclene, in Saginaw Circuit Court. The jury rendered a verdict of no cause of action in favor of defendants. Fred J. Borchard, J., entered judgment for the defendants. Plaintiffs appeal. On appeal, plaintiffs allege that the trial court erred when it admitted evidence that decedent's employer violated certain Occupational Safety and Health Administration regulations, that comments made by counsel for Dow Chemical may have prejudiced one juror and thus plaintiffs' case, and that the trial court erred when it excluded the expert testimony of a psychologist which was offered to prove the loss of decedent's future earning capacity. *Held:*

1. Generally, a criminal conviction is inadmissible as substantive evidence of conduct arising out of the same occurrence which is at issue in a civil case. However, in a wrongful death action such evidence is admissible to prove an intervening cause of decedent's death, not as affirmative proof of culpability, but as an operative fact to bar plaintiff's recovery. Admission of evidence of the Occupational Safety and Health Administration citations to Baker-Perkins for purposes of barring plaintiff's recovery was not error.

2. Plaintiff failed to bring the problem of possible juror prejudice to the attention of the trial judge and there was no

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Death §§ 31, 105 *et seq.*
29 Am Jur 2d, Evidence § 334.
[2] 47 Am Jur 2d, Jury §§ 200, 267 *et seq.*
75 Am Jur 2d, Trial § 1098.
[3] 22 Am Jur 2d, Death §§ 119, 123, 218, 250.

opportunity to interrogate the juror or to make findings of the presence or absence of bias or prejudice. Plaintiff's claim of error was not preserved for review and there is no such miscarriage of justice as would require a review of the alleged error in the absence of objection at trial.

3. For parents to recover future support damages in a wrongful death action involving an adult child it is necessary to establish that the decedent had assumed an obligation during his lifetime to support his parents or had contributed to the support of his parents prior to death. Trial testimony indicates that decedent had never contributed to the support of his parents and there was no reasonable expectation that he would in the future. Exclusion of expert testimony offered to prove the loss of decedent's future earning capacity was not improper.

Affirmed.

1. EVIDENCE — CRIMINAL CONVICTIONS — CIVIL SUITS — WRONGFUL DEATH — CONTRIBUTORY NEGLIGENCE — GOVERNMENTAL REGULATIONS.

Cases which hold that a criminal conviction is inadmissible as substantive evidence of conduct arising out of the same occurrence which is at issue in a civil case do not apply in a wrongful death action where defendant chemical companies, as producers and distributors of the agent that allegedly caused the decedent's asphyxiation, denied liability and charged that decedent was guilty of contributory negligence and the negligence of decedent's employer was an intervening cause of decedent's death; the introduction of the employer's violations of a governmental agency's regulations are admissible not as affirmative proof of culpability but as operative facts to bar recovery.

2. TRIAL — JURY — BIAS — PREJUDICE — INTERROGATION OF JUROR.

The proper procedure, where the possibility of juror prejudice arises during trial, is to bring the problem to the attention of the trial judge promptly in order that the problem may be resolved at the trial level if possible; where raised promptly, the trial judge has an opportunity to interrogate the juror and to make appropriate findings regarding the presence or absence of bias or prejudice.

3. DAMAGES — DEATH — WRONGFUL DEATH — ADULT CHILD — PARENTS — EXPECTATION OF SUPPORT — ASSUMED SUPPORT OBLIGATIONS — PRIOR SUPPORT CONTRIBUTIONS.

The test for determining whether damages for loss of future support may be recovered by a parent in a wrongful death

action for the death of an adult child is whether there is reasonable expectation of support; generally, for a parent to recover damages for future support it is necessary to establish that the decedent had assumed an obligation during his lifetime to support his parent or had contributed to the support of his parent prior to death.

*Dean A. Polzin Law Offices* (by *Robert A. Kaminski),* for plaintiff.

*Isackson & Neering, P.C.* (by *Frank M. Quinn* and *James J. Kent),* for Dow Chemical Company.

*Troester, Picard, MacNeil, Learman & DeWit,* for McKesson Chemical Company.

Before: DANHOF, C.J., and BEASLEY and CYNAR, JJ.

BEASLEY, J. Plaintiff's decedent, Brian Swartz, a 19-year-old relatively new employee of Baker-Perkins Co., was killed in an industrial accident on April 25, 1974. His death apparently occurred from asphyxiation when he was cleaning a gimbal box by applying Dowclene with an atomizer spray gun contrary to advice of his more experienced coemployee. Dowclene is manufactured by defendant Dow Chemical Co., and is distributed by defendant McKesson Chemical Co.

Plaintiffs claim defendants negligently failed to properly label the product and failed to adequately warn of its dangerous propensities. In denying liability, defendants claimed, among other things, that the sole proximate cause of the accident was the negligence of plaintiffs' decedent and of his employer Baker-Perkins Co.

After trial on the merits, the jury rendered a verdict of no cause of action in favor of defendants.

Plaintiffs appeal as of right, raising four issues, three of which merit discussion.

First, plaintiffs claim that the trial court erred when it admitted evidence that decedent's employer violated certain Occupational Safety and Health Administration (O.S.H.A.) regulations. Defendant Dow's counsel questioned Basil Hibbard, safety director for Baker-Perkins Co., concerning an investigation into decedent's accident by the State Health Department and by O.S.H.A. Hibbard testified that both the State Health Department and O.S.H.A. issued a citation for violations found. This line of questioning, which was objected to by plaintiffs' counsel, was admitted in support of defendants' affirmative defense that decedent's employer and decedent were the parties responsible for the accident and not defendants.

Plaintiffs cite *Wheelock v Eyl*[1] and *Kirby v Larson*[2] in support of their claim of error. In *Wheelock,* the Michigan Supreme Court held "that a criminal conviction after trial, or plea, or payment of fine is not admissible as substantive evidence of conduct at issue in a civil case arising out of the same occurrence".[3] *Kirby* also was concerned with a civil action arising out of a traffic accident. In *Kirby,* the question addressed by the Court was whether the issuance of a traffic citation as opposed to a conviction could be admitted into evidence for purposes of proving negligence in a subsequent civil trial. The Court ruled that evidence of the issuance of a traffic ticket may not be admitted. The *Kirby* Court relied on the reasoning in *Wheelock* in making its determination that civil and criminal cases involve different considera-

[1] 393 Mich 74; 223 NW2d 276 (1974).

[2] 400 Mich 585; 256 NW2d 400 (1977).

[3] *Wheelock, supra,* at 79.

tions and satisfy different policies, and a violation under one does not necessarily mean liability under the other.

Defendants argue that *Kirby* and *Wheelock* are factually distinguishable from the instant case as the citations were given to a nonparty to the suit and were not issued by criminal enforcement agencies. We are not persuaded that, for purposes of admissibility in another civil case, a citation by a government agency such as O.S.H.A. is substantially different than a traffic ticket issued by the police. Both would be likely to carry a great deal of weight with a jury. We view both as enforcement agencies, and we reject defendants' argument that they are distinguishable.

Next, we address defendants' contention that since Baker-Perkins, decedent's employer, was not a party to this suit, the holdings in *Kirby* and *Wheelock* are inapposite. This argument finds support in *Imperial Kosher Catering, Inc v Travelers Indemnity Co.*[4] In *Imperial Kosher Catering,* the plaintiff corporation was suing the defendant insurance company for proceeds under a fire insurance policy. As an affirmative defense, the defendant argued that the sole shareholders, who were also officers of the plaintiff corporation, had intentionally caused the fire. The trial court permitted the defendant to introduce evidence of a criminal conviction of arson against the two shareholders arising out of this same fire. The Court in *Imperial Kosher Catering,* while not expressly rejecting the *Wheelock* doctrine, did criticize the policy of law that would seem to allow convicted persons to profit from their crimes.[5] The Court also distinguished *Wheelock* on two grounds. The primary

---

[4] 73 Mich App 543; 252 NW2d 509 (1977).

[5] *Id.* at 545.

ground for distinguishing the holdings was that the arson convictions in *Imperial Kosher Catering* were not used affirmatively as proof of culpability in trial of a civil action brought against the person convicted in the criminal case. Rather, evidence of the criminal conviction was an operative fact advanced to bar recovery by the plaintiffs.

In the instant case, in answering plaintiffs' complaint, defendants denied any negligence on their parts and, by way of affirmative defenses, charged that plaintiffs' decedent was guilty of contributory negligence and that the negligence of decedent's employer was an intervening cause of decedent's death. The introduction of the employer's violations of O.S.H.A. regulations were admitted in order to bar plaintiffs' recovery. The facts here more closely resemble those set forth in *Imperial Kosher Catering* than those in *Wheelock* and *Kirby* where the liability of the very party against whom the evidence was introduced was the pivotal question for which the prior finding of guilt was to be admitted.

Further, we note that the jury was instructed that there could be more than one proximate cause and that the jury was free to find that even if decedent's employer had some responsibility for the accident, plaintiffs could still recover if defendants also contributed to the occurrence. Under the Court's rationale in *Imperial Kosher Catering,* we find the admission of O.S.H.A. violation citations to Baker-Perkins for purposes of barring plaintiffs' recovery was not error.

Plaintiffs' next claim of error relates to comments made by counsel for defendant Dow Chemical, which allegedly may have prejudiced one juror and, thus, plaintiffs' case. These comments referred to a product sold by a company for whom the

juror might have been employed at the time. There was no objection made at the time concerning the comments.

When the possibility of juror prejudice arises during trial, the proper procedure is to bring the problem to the attention of the trial judge promptly in order that the problem be resolved, if possible, in the trial court. When raised promptly, the trial judge has an opportunity to interrogate the juror and to make appropriate findings regarding the presence or absence of bias or prejudice.[6] In this case plaintiffs' counsel did nothing at the time of the alleged misconduct. We view the raising of the error at the appellate level to be untimely under the circumstances of this case. The trial court had the capability of correcting any error if, in fact, one occurred; but, plaintiffs failed to bring the possible bias of the juror to the trial court's attention. Thus, the error is not preserved for our review. Further, we find no such miscarriage of justice as would require us to review the alleged error even where not preserved.

Finally, plaintiffs claim the trial court erred when it excluded the expert testimony of Dr. William Hunter, a psychologist experienced in vocational and economic losses whose testimony was being offered to prove the loss of future earning capacity of decedent. The death of the decedent occurred after he reached the age of majority. Decedent's survivors included his father, mother and two brothers. Defendants objected to this testimony, claiming that the testimony of plaintiffs' decedent's father indicated that there was no support or contribution by decedent to his parents.

The Michigan wrongful death statute [MCL

---

[6] *People v Kaigler,* 34 Mich App 659, 661; 192 NW2d 41 (1971).

600.2922(2); MSA 27A.2922(2)] provides in perti-
nent part:

"Every such action shall be brought by, and in the
names of, the personal representatives of such deceased
person, and in every such action the court or jury may
give such damages, as, the court or jury, shall deem fair
and just, under all of the circumstances to those per-
sons who may be entitled to such damages when recov-
ered * * *."

*Rytkonen v City of Wakefield*[7] was a wrongful
death case in which the Supreme Court upheld a
jury award to decedent's mother based upon loss of
support by decedent, an adult child. The facts in
*Rytkonen* indicate that decedent had assumed an
obligation during his lifetime to support his
mother.

In *Mooney v Hill,*[8] the Court found in accor-
dance with the holding in *Rytkonen* that where
the adult, unmarried decedent had contributed to
the support of his parents prior to his death, his
parents could recover under the death act for
future loss of his contribution. The Court in
*Thompson v Ogemaw County Board of Road Com-
missioners*[9] held that in regard to recovery of loss
of possible support, the test is reasonable expecta-
tion of support in determining whether damages
may be had when death of an adult child results.

Our review of decedent's father's testimony indi-
cates that decedent had never contributed to the
support of his parents, but instead his parents
continued to support him while he was working
and that, barring a catastrophe, his father did not

---

[7] 364 Mich 86; 111 NW2d 63 (1961). Although decided prior to the
amendment to the statute, 1971 PA 65, § 1, effective March 30, 1972,
the case is still instructive on the issue presented here.

[8] 367 Mich 138; 116 NW2d 231 (1962).

[9] 357 Mich 482, 489; 98 NW2d 620 (1959).

ever expect to be dependent on decedent. Taking this testimony, along with the fact that decedent's father had a pension plan, the trial court properly found that there was no reasonable expectation that decedent would contribute to the support of his parents from future earnings. We, therefore, find no error in the exclusion of this testimony.

Affirmed. Costs to defendants.