SWARTZ v DOW CHEMICAL COMPANY

Docket No. 64687. Argued March 4, 1981 (Calendar No. 3).—Decided
November 23, 1982.

William L. Swartz, administrator of the estate of Brian L. Swartz,
deceased, and Anna Swartz brought an action against Dow
Chemical Company and McKesson Chemical Company for the
wrongful death of their son, Brian L. Swartz. Brian Swartz was
asphyxiated during the course of his employment while using
Dowclene EC Solvent. The plaintiffs alleged that Dow, the
manufacturer of the solvent, and McKesson, the distributor,
negligently failed to warn adequately of the dangers of using
the solvent. Dow alleged that the sole proximate cause of the
accident was the negligence of Baker-Perkins Company, the
decedent's employer. Plaintiffs, anticipating an offer by Dow of
evidence that Baker-Perkins was cited for violations of regula-
tions promulgated under state and federal occupational safety
statutes as a result of the accident, brought a motion *in limine*
seeking to exclude such evidence. The Saginaw Circuit Court,
Fred J. Borchard, J., denied the motion and allowed the em-
ployer's safety engineer, over the plaintiffs' objection, to read
from a letter written by an unidentified employee of the Michi-
gan Department of Public Health which indicated that Baker-
Perkins was cited for violations of safety regulations following
the department's investigation of the decedent's death. The
jury returned a verdict of no cause of action in favor of both
defendants. The Court of Appeals, Danhof, C.J., and Beasley
and Cynar, JJ., affirmed (Docket No. 78-4639). The plaintiffs
appeal.

In a unanimous opinion by Justice Williams, the Supreme
Court *held:*

Evidence of citations of the nonparty employer for violations

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 493, 496.
[3] 30 Am Jur 2d, Evidence §§ 991, 995, 1006.
[4] 5 Am Jur 2d, Appeal and Error § 737.
  29 Am Jur 2d, Evidence § 494.
  30 Am Jur 2d, Evidence § 1103.
[5] 29 Am Jur 2d, Evidence §§ 249, 251 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

of occupational safety regulations offered by the manufacturer, Dow, should not have been admitted because it was immaterial to the issues raised during trial. It was error to allow the use of written statements made by an out-of-court declarant for the purpose of proving the truth of a matter·asserted by a witness in court. The statements were hearsay and should have been excluded because they do not fall within a recognized exception to the hearsay rule. In addition, the citations cannot be admitted as substantive evidence in an action for negligence in which the violations are not the gravamen of the case because they are not material. The error requires reversal.

1. The extrajudicial statements by an unidentified health department employee were offered by Dow's witness to prove the truth of its allegation that Baker-Perkins' negligence was the sole proximate cause of the decedent's death. The statements were not made by the witness while testifying during the trial and do not fall within a recognized exception to the hearsay rule. Their value is undercut because the plaintiffs were unable to test the veracity and competency of the declarant by cross-examination, and yet they were allowed to be presented to the jury to influence a crucial element of the case. The trial court erred in admitting the statements.

2. The error in admitting the out-of-court statements prejudicially affected the substantial rights of the plaintiffs because the statements indicated that there was another explanation of the fatality, and the plaintiffs were unable to cross-examine the declarant. Therefore, reversal is required.

3. The citations are inadmissible under Michigan case law as substantive evidence in an action for negligence involving the same facts where the violations of regulations are not the gravamen of the case. Such evidence does not relate to the issues in the case and is not material.

4. The plaintiffs did not preserve their challenge to the jury instructions in the trial court. Because consideration of their claim is not necessary for a proper determination of the case, it may not be raised on appeal.

95 Mich App 328; 290 NW2d 135 (1980) reversed.

1. EVIDENCE — HEARSAY.

Evidence of an extrajudicial statement offered by a witness who is not the declarant to prove the truth of a matter asserted constitutes hearsay and may not be admitted unless it falls within an exception to the hearsay rule (MRE 801[c], 802).

2. EVIDENCE — HEARSAY — CROSS-EXAMINATION.

Hearsay testimony which does not fall within an exception to the hearsay rule is not admissible because its value is undercut by the inability of the opposing party to test by cross-examination the veracity and competency of the declarant from whom the witness has gathered the information (MRE 802).

3. EVIDENCE — HEARSAY — PUBLIC RECORDS — FINDINGS OF FACT — CIVIL ACTIONS.

Statements contained in public records and reports setting forth matters observed pursuant to a duty imposed by law which there was a duty to report are not excluded by the hearsay rule where the declarant is unavailable as a witness; however, factual findings which result from an investigation by a public agency made in accordance with its authority are not admissible in private civil actions (MRE 803[8][B]).

4. APPEAL — EVIDENCE — HEARSAY — PREJUDICIAL ERROR.

A conclusion by a reviewing court that admission of hearsay testimony during trial constituted error affecting the substantial rights of a party requires reversal of the judgment of the trial court whether or not the trial court attempted to cure the error by instructing the jury.

5. EVIDENCE — NEGLIGENCE — OCCUPATIONAL SAFETY AND HEALTH ACT.

Evidence of citations for violations of regulations promulgated under the Michigan Occupational Safety and Health Act issued to a nonparty employer is not admissible as substantive evidence in a wrongful death action against the manufacturer of a product used by the employer and alleged to be the proximate cause of the decedent's death, where the violations are not the gravamen of the suit, because such evidence is not related to issues in the case and is immaterial (MCL 408.1001 *et seq.;* MSA 17.50 *et seq.).*

6. APPEAL — PRESERVING QUESTION.

Generally, an issue not properly raised during trial will not be considered on appeal, nor may an issue be raised for the first time on appeal unless consideration of the issue is necessary for a proper determination of the case.

*van Benschoten, Hurlburt & van Benschoten, P.C.* (by *Harvey E. van Benschoten),* for plaintiffs.

*Isackson, Neering & Quinn, P.C.* (by *Frank M. Quinn),* for defendant Dow Chemical Co.

*Troester, Picard & DeWit* (by *John A. Picard* and *George L. DeWit)* for defendant McKesson Chemical Co.

Amicus Curiae:

*Kelman, Loria, Downing, Schneider & Simpson* (by *Thomas M. McGuire* and *Mark Granzotto)* and *Goodman, Eden, Millender & Bedrosian* (by *Paul Rosen)* for the Michigan Trial Lawyers Association.

WILLIAMS, J. At issue in this wrongful death action is the trial court's ruling which allowed defendant manufacturer to introduce evidence of citations for violations of safety and health standards promulgated under the Michigan Occupational Safety and Health Act (hereinafter MIO-SHA)[1] issued to the nonparty employer of plaintiffs' decedent because of decedent's death. The trial judge, over the objection of plaintiffs before and during trial, allowed the employer's safety

---

[1] The record seems to indicate that the conduct of the decedent's employer violated regulations promulgated under both the Michigan Occupational Safety and Health Act and the federal Occupational Safety and Health Act.

The federal act was passed December 29, 1970, and became effective 120 days after December 29, 1970. The Michigan act was approved on June 18, 1974, and became effective on January 1, 1975. The decedent died on April 25, 1974, so that the cited violations of the safety regulations included violations under the federal act and several Michigan provisions, MCL 408.852 *et seq.;* MSA 17.49(2) *et seq.,* which were in effect before the Michigan Occupational Safety and Health Act became operative. For clarity purposes, however, we use the designation MIOSHA to refer to the violations of the various safety regulations because the testimony indicated to the jury, and it was briefed and argued in this Court, that the nonparty employer was cited for violating both occupational and safety acts. Moreover, MIO-SHA incorporated all regulations and standards promulgated under the federal act. See fn 3.

engineer to read from a letter of an unknown Michigan Department of Public Health employee indicating that citations for MIOSHA violations were issued against the nonparty employer after decedent's death was investigated by the Department of Public Health.

It is plaintiffs' contention on appeal that such testimony was prejudicial hearsay. The plaintiffs also argue that evidence of these citations should not have been admitted under Michigan case law which excludes evidence of a traffic ticket or citation in subsequent civil actions arising out of the same occurrence.

We hold that the trial judge erred in allowing this evidence to come before the jury because it was prejudicial hearsay. MRE 801(c), 802. In addition, we hold that evidence of citations for violations of MIOSHA regulations issued to plaintiffs' decedent's nonparty employer is not admissible in this case when offered by a defendant manufacturer, because it is not material to the issues at trial.

## I. FACTS

On April 25, 1974, Brian Swartz, a 19-year-old employee of Baker-Perkins, was asphyxiated while cleaning a gimbal box[2] which was a part of a large mixing machine manufactured by his employer, Baker-Perkins. Mr. Swartz was using a paint spray gun filled with Dowclene EC, a solvent which was manufactured by defendant Dow Chemical Company and distributed for industrial use by defendant McKesson Chemical Company. Prior to his death, the decedent had been spraying the inside

[2] A gimbal box weighs several tons. It is a machine base like a large box. It has a top which can open or shut and the box is eight feet wide.

of the gimbal box with the Dowclene chemical. Several hours afterwards, the decedent crawled inside the box to vacuum the residue left from the application of the chemical. Later, he was noticed missing by a fellow employee, and he was discovered lying unconscious inside the machine.

Plaintiffs brought a wrongful death action claiming that the manufacturer and the distributor of Dowclene EC negligently failed to adequately warn of its dangerous propensities. The defendant Dow Chemical responded in part by answering that the sole proximate cause of the fatal accident was the negligence of plaintiffs' decedent and of his employer.

At trial, plaintiffs' counsel, anticipating the introduction of evidence of the employer's citations for violations of the MIOSHA regulations[3] by defendant Dow Chemical, brought a motion *in limine* requesting the trial court to exclude such evidence. The trial court, after considering the argument, denied plaintiffs' motion. Defendant Dow Chemical then called Baker-Perkins' plant engineer and safety director to testify concerning the violations of the rules and regulations. On direct examina-

---

[3] The federal Occupational Safety and Health Act, like the Michigan Occupational Safety and Health Act, is a creature of legislation. The major purpose of both acts is to regulate and reduce the exposure to dangerous conditions within a work environment, to impose an annual levy to provide revenue for safety education, and to provide remedies and penalties for violations. See 29 USC 651(b)(1)-(13); Preamble, 1974 PA 154, effective Jan. 1, 1975, MCL 408.1001 *et seq.;* MSA 17.50(1) *et seq. Cf. Industrial Union Dep't, AFL-CIO v American Petroleum Institute,* 448 US 607, 641; 100 S Ct 2844; 65 L Ed 2d 1010 (1980).

The Michigan act incorporates all federal standards which have been adopted or promulgated by the United States Department of Labor which were in effect at the time the act was adopted. MCL 408.1014(1); MSA 17.50(14)(1). When a rule or standard of MIOSHA is in conflict or covers the same area as the incorporated federal standard, the federal standard controls. MCL 408.1014(2); MSA 17.50(14)(2).

tion, he read into the record excerpts from a letter from the Michigan Department of Public Health which disclosed that his employer had been cited for violations of several regulations arising out of decedent's death. At the conclusion of the trial, the jury returned a verdict of no cause of action in favor of both defendants.

The plaintiffs appealed to the Court of Appeals[4] which unanimously affirmed the verdict. That panel held that the introduction of evidence of the citations to decedent's employer for purposes of barring plaintiffs' recovery was not error.

We granted leave to appeal in this case,[5] directing the parties to brief the issues whether the trial court's ruling which permitted the defendants to introduce evidence of citations for MIOSHA violations was error requiring reversal on the grounds of prejudicial hearsay and whether evidence of the citations was inadmissible as substantive evidence of conduct at issue in a civil case arising out of the same occurrence.

## II. PREJUDICIAL HEARSAY

### A. *Alleged Hearsay*

The plaintiffs assert on appeal that objectionable hearsay statements were not excluded from the jury as prescribed by MRE 801(c) and 802.[6] At

---

[4] *Swartz v Dow Chemical Co*, 95 Mich App 328; 290 NW2d 135 (1980).

[5] 409 Mich 898 (1980).

[6] MRE 801(c) provides:

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

MRE 802 provides:

"Hearsay is not admissible except as provided by these rules."

trial, the plant engineer and safety director of Baker-Perkins, the decedent's employer, which was not a party to this suit, read into the record excerpts from a letter from the Michigan Department of Public Health that "a citation for alleged violations for Rules 30 and 42 is enclosed". The relevant testimony was as follows:

"*Q.* Your investigation into this accident, did it disclose several violations of Michigan and federal regulations by Baker-Perkins?

"*A.* Yes, it did.

"*Q.* What violations were there, as found?

"*Mr. Polzin:* Again, your Honor, I simply restate my objection to this.

"*The Court:* I will overrule it.

"*A.* The letter was sent by the [Michigan] Department of Public Health to Mr. William Stamm.

"*By Mr. Neering:*

"*Q.* Under the rules, we can't have you reading correspondence. We won't go into the reasons why.

"Can you tell us what the findings were on these violations?

"*A.* This investigation revealed that the employee assigned to clean the gimbal box and his rescuer were not provided the protection required. R 320.2430 *[sic;* 325.2430] and R 325.2442 and Rules 30 and 42.

"Rule 30, Part 1, states: 'Before an unprotected person enters a process space, the atmosphere shall be thoroughly ventilated and tested to determine the presence of a respirable atmosphere. Precautions shall be taken to prevent the creation of a non-respirable atmosphere in the process space during the time that the person is inside.'

"Rule 30, Part 2, requires in the absence of ventilation or tests, persons capable, trained and equipped to perform rescue be stationed outside the process space to maintain surveillance over the man entering.

"Rule 42 states where hazard exists because of atmospheres immediately dangerous to life or health, respi-

ratory protection equipment for the safeguarding of the worker shall be provided by the employer.

"Photos showed liquid residue in the bottom of the box after the rescue and from the volatile nature of the sample from the bottom of the vacuum cleaner, it is most certain that a non-respirable atmosphere existed in the gimbal box at the time the victim entered the tank.

"Surveillance was not maintained and a rescuer did not have protective equipment when he entered the tank. Accordingly, a citation for alleged violations for Rules 30 and 42 is enclosed.

"*Q.* Were there also found to be violations of the OSHA, the federal regulations, as well as the Michigan regulations?

"*A.* Yes, there was.

"*Q.* Were they in substance on the same areas mentioned there that you just recited?

"*A.* Practically the same thing.

"*Q.* So the violations relating to testing of the atmosphere was one thing, was it not?

"*A.* Yes.

"*Q.* Lack of respiratory breathing equipment, right?

"*A.* That's right.

"*Q.* Lack of proper ventilation?

"*A.* Right.

"*Q.* And lack of use of the buddy system?

"*A.* Yes. I didn't remember that, but I guess that's part of it.

"*Q.* They used some big words there and a lot of them. That is what it boils down to?

"*A.* Needed someone for rescuer, yes."

B. *The Hearsay Rule*

Under MRE 801(c), we must decide whether out-of-court statements testified to by a witness in court which are offered as evidence to prove the truth of the matter asserted are hearsay. The witness for Dow Chemical testified before the jury about the written assertions made by an unidenti-

fied representative of the Michigan Department of Public Health which indicated that the nonparty employer was cited for plaintiffs' decedent's death. The plaintiffs claim that it was offered by the defendant to prove the truth of the matter asserted—that the nonparty employer was responsible for plaintiffs' decedent's death.

When dealing with a hearsay problem, the emphasis centers upon the condition of cross-examination. Meaningful cross-examination has become a "vital feature" of the Anglo-American legal system. 5 Wigmore on Evidence (3d ed), § 1367, p 32. Underlying this rationale is the recognition that the value of many out-of-court statements is undercut because of the inability to test by cross-examination the veracity and competency of the out-of-court declarant from whom the witness has gathered his information. See generally Wigmore, § 1362, p 3.

This Court, in *Colgrove v Goodyear,* 325 Mich 127, 134; 37 NW2d 779 (1949), recognized that the justification of the hearsay rule is the test of cross-examination.

" 'The fundamental test, shown by experience to be invaluable, is the test of *cross-examination.* * * * It is here sufficient to note that the hearsay rule, as accepted in our law, signifies *a rule rejecting assertions, offered testimonially, which have not been in some way subjected to the test of cross-examination.'* 5 Wigmore on Evidence (3d ed), § 1362."

It is the belief embodied in our legal system that cross-examination will expose and negate imperfections.

The concern in the instant case over the inability to test by cross-examination is readily apparent from the record. When the witness on direct exam-

ination was asked whether he was aware of the relevant state and federal regulations which covered the employer's responsibility in the decedent's death, he indicated that he was not aware of many of the regulations. Yet his testimony, which included the reading of the health department's letter, was allowed to go to the jury in order to influence a crucial element of the case when the accuracy of the out-of-court declarant's letter and evaluation could not be tested by cross-examination. In fact, the in-court declarant, on recross-examination, did not even know whether the agency which administers the regulations had any authority over a manufacturer or seller of a product.

Once a statement is found to be hearsay, it is inadmissible unless it falls within one of the recognized exceptions to the hearsay rule. See *Elliotte v Lavier,* 299 Mich 353, 357; 300 NW 116 (1941). In the instant case, plaintiffs contend that no pertinent exceptions are found within MRE 803 or 804. Furthermore, defendant cites none to us, and we find none.[7] The plaintiffs' basic conclusion is correct. The only exception which is at all relevant to this inquiry is inapplicable on the facts of this case. MRE 803(8) allows statements from public records and reports to come into evidence over a hearsay objection. This rule, however, unlike FRE 803(8)(C),[8] rejects the introduction in private civil actions of factual findings resulting from an investigation made in accordance with authority

---

[7] Defendant Dow Chemical does not really address the hearsay issue in its brief. The defendant only argues that the admission of this testimony was not prejudicial.

[8] FRE 803(8)(C), like proposed MRE 803(8)(C), provides:

"[I]n civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

granted by law. Proposed MRE 803(8)(C), which was identical to FRE 803(8)(C), was found to be inconsistent with prior Michigan law and was rejected. Committee Note, MRE 803(8).

## C. *Prejudicial Error*

The prejudicial effect of erroneously admitted testimony will vary from case to case, and its effect on the jury will depend on the facts and circumstances of each case. Once prejudicial error is found, this Court has adopted a rule of reversal. In *Ilins v Burns,* 388 Mich 504, 510-511; 201 NW2d 624 (1972), we stated:

"Once prejudicial error is found, the cases call for reversal regardless of whether the trial judge gave an instruction in an attempt to cure the error. *Potentially* prejudicial error can be cured. Prejudicial error, however, implies a conclusion that the substantial rights of the party were affected. Such error calls for reversal and new trial." (Footnote omitted; emphasis in original.)

The basis for plaintiffs' assertion of prejudice is found when analyzing the testimony of the witness who testified with respect to the MIOSHA violations. Defendant's purpose in introducing the evidence of violations was to indicate to the jury that the negligence of the decedent's employer was responsible for the decedent's death. Obviously, this testimony was prejudicial. In fact, it was just about defendant's entire case.

Therefore, we hold that the out-of-court statements describing the citations for MIOSHA violations are prejudicial hearsay, and that they should have been excluded from the jury because they do not fall within a recognized exception to the hearsay rule.

## III. IMMATERIALITY

In addition to the hearsay objection to the MIO-SHA citations, we raised the question whether the use of such citations is admissible as substantive evidence under Michigan case law in a negligence suit involving the same facts, but where the violations of MIOSHA regulations were not the gravamen of the lawsuit. Since such testimony does not relate to the issues in this case, rather than consider whether there is any applicable law on the merits, we hold that testimony to the effect that a complaint was issued for MIOSHA violations is inadmissible because such evidence is immaterial to the case.[9]

## IV. JURY INSTRUCTION

In the case at bar, the trial judge stated, as part of an instruction to the jury on the duty of defendant Dow that "[t]he law does not require a manufacturer to make its product accident-proof or foolproof". The appellants claim that this instruction created a "straw man" which probably misled the jury in its deliberations. *Elbert v City of Saginaw,* 363 Mich 463, 482; 109 NW2d 879 (1961). The problem with this contention is that plaintiffs' counsel did not specifically object to this language at trial. The record indicates that the attorney for the plaintiff merely requested the trial judge to instruct the jury further that the concept of foolproof was not to be considered.

[9] The Michigan Trial Lawyers Association has filed an amicus brief, arguing that this Court, as a matter of public policy, should hold that the OSHA violations of a nonparty employer are not admissible when the defendant alleges the employer's negligence as an unforeseeable intervening cause. See *Comstock v General Motors Corp,* 358 Mich 163; 99 NW2d 627 (1959). Defendant Dow responds that this was not their theory at trial, and this new issue misstates their position. We need not consider this argument as such testimony in this case is immaterial.

This Court has made it clear that in the usual case an issue not properly raised or objected to at trial is not to be considered on appeal. The procedural justification for this rule is to provide the appellate courts with a sufficient record upon which to resolve the issue in a fair manner. *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972), citing *Meek v Wilson,* 283 Mich 679, 689; 278 NW 731 (1938).

Finally, the plaintiffs failed to raise this issue before the Court of Appeals, and they now ask this Court to grant them relief from alleged prejudice. The general rule is that a question may not be raised for the first time on appeal to this Court. *Dation v Ford Motor Co,* 314 Mich 152; 22 NW2d 252 (1946). This rule is not fashioned in stone, but when a consideration of a claim is not necessary for a proper determination of a case, it will be applied. See *Turner v Consumers Power Co,* 376 Mich 188, 191-192; 136 NW2d 1 (1965). See also *Heider v Michigan Sugar Co,* 375 Mich 490, 517; 134 NW2d 637 (1965) (ADAMS, J., *dissenting).* We think, therefore, that the issue raised should not presently be determined by this Court because it is not necessary in resolving the case.

## V. Conclusion

In our opinion, it was error for the trial court to allow testimony concerning written statements made by an out-of-court declarant for the purpose of proving the truth of the matter asserted by an in-court witness. The inability of the plaintiffs to effectively cross-examine this unknown out-of-court declarant severely prejudiced their case, since the out-of-court statements indicated that there was another explanation of the fatality.

We also hold that evidence of citations which deal with the violations of MIOSHA regulations by a nonparty employer, offered by a third-party manufacturer, is not admissible in this case because it is immaterial to the issues at trial. Accordingly, we reverse the decision of the Court of Appeals.

FITZGERALD, C.J., and KAVANAGH, LEVIN, COLEMAN, RYAN, and BLAIR MOODY, JR., JJ., concurred with WILLIAMS, J.