# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

VANESSA ANDINO, Individually
and as the Administratrix of the Estate
of **BRYAN MALDONADO-ANDINO**
and the Estate of **JOVAN**
**MALDONADO-ANDINO**; and
**JOAQUIN MALDONADO**,

          Plaintiffs,

    v.

**NEXIUS SOLUTIONS, INC.;**
**MYNDCO, INC.; SUNBELT**
**RENTALS, INC.,**

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.: N22C-10-671 FJJ

Submitted: February 27, 2026
Decided: March 13, 2026

## OPINION AND ORDER
## ON PLAINTIFFS' MOTIONS IN LIMINE

*Timothy E. Lengkeek, Esquire,* Young Conaway Stargatt and Taylor, LLP, Wilmington, Delaware, David L. Kwass, Esquire and Michael J. Zettlemoyer, Esquire (argued), Saltz Mongeluzzi Bendesky, *Attorney for Plaintiff.*

*Walter O'Brien, Esquire,* Weber Gallagher Simpson Stapleton Fires & Newby, LLP, Wilmington, Delaware, *Attorney for Defendant Nexius Insight, Inc.*

*R. Joseph Hrubiec, Esquire,* Post & Schell, P.C., Wilmington, Delaware, Attorney for Defendant *Myndco, Inc.*

*Joshua D. Scheets, Esquire,* Marshall Dennehey, P.C., Wilmington, Delaware, Attorney for *Sunbelt Rentals, Inc.*

**Jones, J.**

1

# INTRODUCTION

Plaintiffs Vanessa Andino, individually and on behalf of the Estates of Bryan Maldonado-Andino and Jovan Maldonado-Andino ("Decedents"), and Joaquin Maldonado (collectively "Plaintiffs") have brought a wrongful death action against numerous defendants, including Nexius Solutions, Inc. ("Nexius"), Myndco, Inc. ("Myndco"), and Sunbelt Rentals, Inc. ("Sunbelt"), for the death of Decedents during a workplace accident on November 2, 2020. Plaintiffs have filed three Motions in Limine. This is the Court's ruling on these Motions.

## FACTS & PROCEDURAL HISTORY

On November 2, 2020, Decedents were working for Velex, Inc. ("Velex") at a construction site in Bethany Beach, Delaware.[1] Decedents were working on a Genie High Reach Z-135 aerial boom lift ("Boom Lift") approximately 120 feet in the air when strong winds tipped the lift over.[2] Following the incident, OSHA conducted an investigation and issued citations to Velex.[3]

On November 12, 2025, all parties to this action agreed to, signed and submitted to the Court a Stipulation of Dismissal.[4] The Court entered the Stipulation

---

[1] Docket Item ("D.I.") 307, at 2.
[2] *Id.*
[3] D.I. 284, at 1.
[4] D.I. 245; D.I. 283, at 3.

of Dismissal as an Order on November 14, 2025.[5]  The agreement and subsequent

Order stated the following:

> IT IS HEREBY STIPULATED AND AGREED … by and between the parties of this action, through the undersigned counsel and subject to approval by the Court, that all claims and cross-claims asserted by and against Defendants, Genie Industries, Inc. and Terex Corporation, in the above-captioned action are hereby dismissed with prejudice. All parties are to bear their own costs.[6]

In its subsequent disclosure on December 3, 2025, Defendant Myndco produced an

expert, R. Kevin Smith, P.E., who reached conclusions as to the defective design of

the lift, the insufficient warnings that came with the lift, and placed Genie at fault

as a major factor in the accident.[7]

## I.   Plaintiffs' Motion in Limine to Preclude Evidence or Testimony as to Negligence of Velex

Plaintiffs have moved to preclude Defendants from introducing testimony or

evidence as to Velex's negligence.[8]  Plaintiffs argue this evidence is irrelevant under

Delaware Rules of Evidence ("DRE") 401, the prejudicial effect substantially

outweighs any probative value under DRE 403, and Defendants cannot establish

Velex's conduct was a superseding cause of the injuries.  Defendants respond that

---

[5] D.I. 246; D.I. 283, at 3.
[6] D.I. 246, at 1.
[7] D.I. 283 at 3; D.I. 307, at 3-4, Ex. C, Report of R. Kevin Smith, P.E., at 6-7.
[8] D.I. 282.

evidence of Velex's negligence is relevant and non-prejudicial as it goes to a supervening cause of injury.[9]

Plaintiffs lean on *Cox v. Delaware Elec. Co-op., Inc.*'s language to support their position: "[t]he longstanding common law rule is that where one putative defendant is for some reason immune from liability, the other defendant(s) remain fully liable."[10] There, an electrical lineman was killed when he touched a high voltage wire near Laurel, DE[11] without wearing his protective gear.[12] The employer could not be held "liable" due to Pennsylvania's workers compensation scheme.[13] Still, the defendant sought to introduce evidence that the employer was negligent because "[employer's] negligence in failing to adequately train and/or supervise the decedent may be found to constitute an intervening-superseding cause and thereby relieve defendant of liability."[14] The *Cox* Court noted such a determination must be made on a case-by-case basis[15] and ultimately held "as a matter of law [employer's] actions cannot constitute an intervening-superseding cause, and … may not be introduced into evidence because it simply is not relevant."[16]

---

[9] D.I. 306.

[10] *Cox v. Delaware Elec. Co-op., Inc.*, 823 F. Supp. 241, 247 (D. Del. 1993).

[11] *Id.* at 242-43.

[12] *Id.* at 247.

[13] *Id.* at 245, 246.

[14] *Id.* at 247.

[15] *Id.*

[16] *Id.* The *Cox* Court also held that even if it were relevant, the evidence would still be excluded as the prejudice far outweighed the probative value. *Id.* at 247-48.

In support of their position, Defendants highlight the Delaware Supreme Court's decision in *Duphily v. Delaware Elec. Co-op., Inc.*[17] for the proposition that a litigant can point to the actions of an immune party as a supervening cause of injury. There, the *Duphily* Court considered the *Cox* case and recognized that "the court in *Cox* intimated that the real claim of the defendant was contributory negligence on the part of the decedent, not superseding cause."[18] The Court then recognized the general rule that "[w]hen a party's negligence is relevant to the injury-producing event but not actionable, a defendant may nonetheless introduce evidence to establish that the negligence of the immune party was the supervening cause of the plaintiff's injury."[19] As such, the trial court did not err in admitting evidence of negligence on the part of an immune employer as evidence of a superseding cause.[20]

I am satisfied that a jury could find that the actions of Velex were the supervening cause of Decedents' death. Unlike the situation in *Cox*, this Court cannot say that Velex's action did not constitute a supervening cause as a matter of law. Therefore, the evidence is admissible.

---

[17] *Duphily v. Delaware Elec. Co-op., Inc.*, 662 A.2d 821 (Del. 1995).
[18] *Id.* at 828; *see also Wells v. Delaware Elec. Co-op., Inc.*, 2000 WL 973121, at *1 (Del. Super. Ct. Apr. 27, 2000), *aff'd sub nom. Delaware Elec. Co-op., Inc. v. Wells ex rel. Est. of Wells*, 782 A.2d 263 (Del. 2001) (noting that "Defendant is not allowed to argue that the employer was contributory negligent. However, the Defendant is allowed to argue that the employer was a supervening cause which will cut off liability from another party's negligence.").
[19] *Id.*
[20] *Id.* at 824, 828.

I also conclude that the admissibility of this evidence is not more prejudicial than it is probative under DRE 403's balancing test. Accordingly, the Motion in Limine is **DENIED** and this evidence may come in at trial for the limited purpose of establishing that Velex's actions were a supervening cause. If the parties require a limiting instruction to the use of the evidence, it will be given.

## II. Plaintiffs' Motion in Limine to Preclude Evidence or Testimony of Negligence, Responsibility or Defective Design

Plaintiffs have moved to preclude Defendants from introducing any evidence, arguments or expert testimony that Genie Industries, Inc. ("Genie") or Terex Corporation ("Terex") were negligent or responsible for the Decedents' deaths, and that the Genie boom lift was defectively designed.[21] Plaintiffs contend that the Stipulation of Dismissal entered as an Order on November 14, 2025 bars such evidence under the doctrine of *res judicata*, DRE 401 (relevance) and 403 (prejudice). Defendants respond that *res judicata* does not apply here as this is the same case, and the evidence is not barred by DRE 401 or 403.[22]

This Court intends to hold the parties to their agreements. The Stipulation of Dismissal signed by both parties and entered as an Order by this Court is clear: "IT IS HEREBY STIPULATED AND AGREED … by and between the parties of this action … that all claims and cross-claims asserted by and against Defendants, Genie

---

[21] D.I. 283.
[22] D.I. 307.

Industries, Inc. and Terex Corporation, in the above-captioned action are hereby dismissed with prejudice."[23] While Defendants are correct that this is not a new case, they expressly agreed to dismiss all claims against Genie and Terex in this action. As a result, any evidence or expert testimony going to prove Genie or Terex's negligence, responsibility or defective design are irrelevant under DRE 401 and could confuse the issues or mislead the jury under DRE 403.

Accordingly, this Motion in Limine is **GRANTED**, and evidence or expert testimony going to these points shall be excluded.

### III. Plaintiffs' Motion in Limine to Preclude Evidence of Velex's OSHA Citation

Plaintiffs have moved to preclude evidence of employer Velex's OSHA citation which was handed down as a result of the November 2, 2020 incident.[24] Plaintiffs highlight that Velex is not a party to this action and cannot be sued by any party due to workers' compensation immunity.[25] They go on to assert that the OSHA violation is not admissible for numerous reasons: 1) it constitutes employer negligence which is not relevant to any claim; 2) it is hearsay that does not fall under any exception; 3) it is an unreliable investigative opinion lacking indicia of trustworthiness required for admissibility; 4) Defendants cannot support a superseding cause defense in the given circumstances; and 5) the prejudicial effect

---

[23] D.I. 246, at 1.
[24] D.I. 284.
[25] *Id.* at 2.

far outweighs any probative value. Defendants respond that they intend to use this evidence to establish a supervening cause of the accident.[26]

In *Duphily*, the Delaware Supreme Court held "as a general matter, a party's violation of an OSHA safety regulation may be used as evidence of that party's negligence."[27] This Court has also previously held that "[u]nder Delaware law, a party's violation of an OSHA safety regulation may be used as evidence of that party's negligence, but the violation does not constitute negligence *per se.*"[28] Despite the language in *Cox v. Delaware Elec. Co-op., Inc.*,[29] because this Court has determined that a fact issue exists as to the whether Velex's actions were an intervening superseding cause of the accident in question, this Court is convinced that allows for some evidence relating to OSHA to be admitted.

The parties may use the OSHA safety regulations as evidence of a violation of those regulations. However, the question of whether the actual OSHA violation given to Velex in this case is admissible is another matter.

Plaintiffs have cited to the Court a number of cases where Courts have held that the actual OSHA violation itself is not admissible.[30] Defendants have not cited

---

[26] D.I. 309.

[27] *Duphily*, 662 A.2d at 836 (citing *Muzzleman v. Nat'l Rail Passenger Corp.*, 839 F. Supp. 1094, 1098 (D. Del. 1993)).

[28] *Est. of Mitchell v. Allen Fam. Foods, Inc.*, 2013 WL 870664, at *4 (Del. Super. Ct. Mar. 1, 2013) (citing *Duphily v. Delaware Electric. Co-op., Inc.*, 662 A.2d 821, 836 (Del.1995)) (footnotes omitted).

[29] *Cox v. Delaware Elec. Co-op., Inc.*, 823 F. Supp. 241, 247 (D. Del. 1993) ("[t]he longstanding common law rule is that where one putative defendant is for some reason immune from liability, the other defendant(s) remain fully liable.").

[30] *Lenoir v. C. O. Porter Mach. Co.*, 672 F.2d 1240, 1247 (5th Cir. 1982) ("error was committed in allowing the OSHA document to be produced on the issue of negligence."); *see also Millison v. E.I. du Pont de Nemours & Co.*,

8

the Court to any contrary authority. This Court agrees with those decisions that have not allowed the admission of the actual OSHA violation. The thrust of these decisions is that OSHA's finding of a violation without giving the plaintiffs the ability to cross examine those responsible for the findings of the OSHA investigators makes the finding more prejudicial than probative under the DRE 403 balancing test. I agree with this proposition. To allow Defendants to rely on the existence of the violation itself would unfairly prejudice Plaintiffs without giving them the right to challenge those conclusions. Moreover, the jury could very well give added significance to this finding without having the full benefit of the entire investigation.

Evidence of the relevant OSHA standard and whether they were violated is proper evidence. That an OSHA violation was issued to Velex is not.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

---

545 A.2d 213, 224 (App. Div. N.J. 1988), *aff'd*, 558 A.2d 461 (N.J. 1989) ("[w]hile OSHA regulations may be admissible to establish a standard of care, … OSHA citations are the opinions of investigators and ordinarily do not 'carry with [them] the indicia of reliability that is inherent in government adopted safety standards.'") (citations omitted); *see also Swartz v. Dow Chem. Co.*, 326 N.W.2d 804, 805, 809 (Mich. 1982) (holding the trial judge erred in allowing "the employer's safety engineer to read from a letter of an unknown Michigan Department of Public Health employee indicating that citations for MIOSHA violations were issued against the nonparty employer" because "it was prejudicial hearsay" and "immaterial to the case.").