MITCHELL v STEWARD OLDFORD & SONS, INC

Docket No. 88072. Submitted April 7, 1987, at Detroit. Decided July 16, 1987. Leave to appeal denied, 429 Mich 872.

Robert Mitchell and Pat Mitchell, individually and as next friend of Kimberly Mitchell and Robin Mitchell, brought an action in the Wayne Circuit Court against Steward Oldford & Sons, Inc., the Chairman, Clerk and Board of County Road Commissioners of the County of Wayne, Michael P. Atkins, and others, for damages for injuries sustained by Kimberly and Robin in an automobile accident. Kimberly Mitchell was subsequently dismissed as a party. A jury returned a verdict of no cause of action in favor of Michael Atkins and the trial court, John H. Gillis, Jr., J., entered a judgment thereon. Orders of summary disposition were also entered by the trial court, Marianne O. Battani, J., in favor of defendants Oldford and the Wayne County Road Commission. Plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court did not err in allowing defendant Atkins to inject at trial the issue of a nonparty's, Kimberly Mitchell's, negligence.

2. Defendant Atkins' attorney was properly allowed to argue to the jury that part of plaintiffs' motivation in bringing the suit was to seek "absolution" for Kimberly Mitchell.

3. Admission of the testimony of the investigating police officer was proper. To the extent that any of the officer's testimony can be deemed to have been erroneously admitted, it was not error requiring reversal.

4. The denial of plaintiffs' motion for a directed verdict as to Michael Atkins' negligence was proper.

5. The admission into evidence of Michael Atkins' testimony

REFERENCES

Am Jur 2d, Evidence §§ 442, 1120 *et seq.*

Am Jur 2d, Expert and Opinion Evidence §§ 24, 25.

Am Jur 2d, Highways, Streets, and Bridges §§ 337 *et seq.*

Construction and application of Rule 701 of Federal Rules of Evidence, providing for opinion testimony by lay witnesses under certain circumstances. 44 ALR Fed 919.

Admissibility in evidence, on issue of negligence, of codes or standards of safety issued or sponsored by governmental body or by voluntary association. 58 ALR3d 148.

regarding the injuries he received in the accident was not erroneous.

6. Entry of an order of summary disposition in favor of defendant Oldford was not erroneous. There was no duty owed by Oldford to plaintiffs nor did Oldford have responsibility or liability for the condition of the roads at the intersection where the accident occurred.

7. The trial court properly granted the Wayne County Road Commission summary disposition. The accident occurred entirely on a road over which the state has exclusive jurisdiction and control.

Affirmed.

1. NEGLIGENCE — TRIAL — EVIDENCE — NONPARTY'S NEGLIGENCE.

It is proper for a defendant in a negligence case to present evidence and argue that liability for an accident lies elsewhere, even on a nonparty.

2. WITNESSES — LAY WITNESSES — OPINION TESTIMONY — RULES OF EVIDENCE.

A lay witness may give opinions or make inferences which are rationally based on the perception of the witness (MRE 701).

3. HIGHWAYS — SAFETY AND FITNESS OF HIGHWAY — STATE.

The State of Michigan is charged with the responsibility for keeping roads within its exclusive jurisdiction reasonably safe and fit for travel and may be held liable for its failure to do so (MCL 691.1402; MSA 3.996[102]).

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Charles W. Fisher* and *Susan Healy Zitterman*), for plaintiffs.

*Brandt, Hanlon, Becker, Lanctot & McCutcheon* (by *Joyce E. Parker*), and *Mac Arthur, Cheatham, Acker & Smith, P.C.* (by *James G. Gross*), of Counsel, for Michael Atkins.

*John D. O'Hair,* Corporation Counsel, and *David A. Perkins,* Assistant Corporation Counsel, for the Chairman, Clerk and Board of County Road Commissioners of the County of Wayne.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for Steward Oldford & Sons, Inc.

Before: DANHOF, C.J., and GRIBBS and K. JANSEN,[*] JJ.

PER CURIAM. Plaintiffs appeal from the jury's verdict of no cause of action returned in favor of defendant Michael Atkins in this automobile negligence case. Plaintiffs also appeal from the orders of summary disposition entered in favor of defendants Steward Oldford & Sons, Inc., and the Wayne County Road Commission. We affirm.

This case arises out of an automobile accident which occurred in the early afternoon hours of June 20, 1981. The accident occurred at the "T" intersection of Colony Farms Road, an entranceway to a subdivision, and Ann Arbor Road, west of Plymouth, Michigan. The weather was warm, clear and sunny. The topography in that area is one of rolling hills. Ann Arbor Road is a two-lane surface roadway and the speed limit is fifty-five miles per hour. The intersection is situated at the crest of a hill and there is a "dip" or valley just west of the Colony Farms entranceway. A driver traveling east is moving uphill immediately to the west of the intersection.

Although Paul Riley, District Safety Engineer for the Michigan Department of Transportation, testified that the intersection was safe, his testimony also indicated that the "sight distance" of someone traveling west on Ann Arbor Road and turning left into the Colony Farms entranceway is significantly reduced unless the driver comes all the way to the center of the intersection.

This testimony was corroborated by Plymouth

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

Police Officer Robert Henry, the investigating officer in this case. He testified that in order to fully see eastbound traffic, someone making a left-hand turn into the subdivision needs to travel to a point in line with the middle of the intersection. There are no signs west of the intersection indicating the intersection's presence and there were few houses west of the subdivision indicating an upcoming intersection, according to Henry.

Kimberly Mitchell, plaintiffs' daughter, was sixteen at the time of the accident, and had received her driver's license some nine months previous to the accident. Robin Mitchell, Kim's sister, a seventh grader, was in the passenger's seat. The two had been shopping and were returning home. Kimberly Mitchell had planned to return home by way of Sheldon Road but that route was closed. Ultimately she found herself traveling west on Ann Arbor Road, a road she had never previously taken. Concluding that she was on the wrong road, she started to look for a place to turn around. Kimberly approached the intersection, turned on her left-turn signal, stopped—she did not see any traffic—and started her turn. She heard a horn and next felt the impact from defendant Michael Atkins' car. She testified to being only a few inches into the turn. She further testified that the design of the road was at fault because she could not see any eastbound traffic as it came over the hill. Robin Mitchell was seriously injured in the accident.

Defendant Michael Atkins, age nineteen at the time of the accident, did not testify at trial but his deposition was read into the record. He and his brother, Chris, were traveling in their car eastbound on Ann Arbor Road looking for a good location to ride their dirt bikes. Defendant Atkins had never been this far east on Ann Arbor Road.

Atkins testified that he was traveling approximately fifty miles per hour. He did not see the Mitchell car as he was going up the hill approaching the intersection. He saw the Mitchell car just as he reached the crest of the hill. A "split-second" after reaching the top of the hill the Mitchell car turned left directly in front of him. He applied his brakes immediately but he was "not even close" to stopping when he hit the Mitchell car. Defendant Atkins stated there was nothing he could do.

Officer Henry testified to observations he had made based on his investigation of the accident. He noted that the Atkins vehicle's skid marks crossed the center of the intersection (note: not the center line—impact occurred in the eastbound lane). From this and the gouge marks in the road he placed the point of impact *east* of the crest. Henry noted that in order to see eastbound traffic from the westbound lane someone making a left-hand turn needed to be fully in line with the intersection. In his opinion, Kimberly Mitchell made the turn before reaching the center of the intersection and therefore could not see oncoming traffic when she made the turn. Henry also used a chart prepared by the State Police to estimate defendant Atkins' rate of speed. By considering the length of the skid marks (eighty-seven feet), the weather conditions and type of road, Henry estimated that Atkins was traveling approximately forty-five to fifty miles miles per hour at impact.

The jury returned a verdict of no cause of action on the part of defendant Michael Atkins. Judgment on the verdict was entered on September 23, 1985. Plaintiffs appeal as of right from that order.

Defendants Oldford and the Wayne County Road Commission brought separate motions for summary judgment. The trial court found that the State of Michigan had exclusive jurisdiction over

Ann Arbor Road and that neither Oldford nor the Wayne County Road Commission owed any duty to plaintiffs. Oldford was dismissed by order dated May 15, 1984, and the Wayne County Road Commission was dismissed by order dated May 25, 1984. Plaintiffs also appeal as of right from these orders. The first six issues concern solely defendant Atkins.

I

Plaintiffs assert that the trial court erred by allowing defendant to inject at trial the issue of a nonparty's negligence, i.e., the negligence of the driver of the car, Kimberly Mitchell, who had been previously dismissed as a party to the action. This issue is totally without merit. It was defendant's theory at trial that the conduct of Kimberly Mitchell was the sole cause of the accident and thereby defendant was not at fault in the accident. It is entirely proper for a defendant in a negligence case to present evidence and argue that liability for an accident lies elsewhere, even on a nonparty. See *Love v Brumley,* 30 Mich App 61, 63; 186 NW2d 19 (1971). See also *Kujawski v Cohen,* 83 Mich App 239, 242-243; 268 NW2d 358 (1978). Additionally, the jury was instructed that they would have to find that defendant was negligent and that defendant's negligence was a proximate cause of Robin's injuries before he could be held liable. The jury was further instructed that there could be more than one proximate cause and that if defendant was negligent and such negligence was a proximate cause of the accident, it would not be a defense that a nonparty might also have been a cause of the accident. The jury found defendant not to have been negligent.

Plaintiffs' reliance on *Swartz v Dow Chemical*

*Co,* 414 Mich 433; 326 NW2d 804 (1982), is misplaced. In the instant case, unlike in *Swartz,* the evidence of the nonparty's conduct is directly related to the issues in the case. There was no error.

II

Plaintiffs' assertion that error requiring reversal occurred when defendant's counsel argued to the jury that part of plaintiffs' motivation in bringing the suit was to seek "absolution" for Kimberly Mitchell is also without merit. The statement cited by plaintiffs involves a single comment made in a context which suggests that defendant's counsel was intimating that Kimberly Mitchell's testimony was suspect because she did not want to admit to herself culpability in her sister's injury. The credibility of Kimberly was directly at issue in this case. This brief comment is quite different from a situation where counsel's conduct demonstrates a deliberate course of conduct whose purpose is to prejudice the other party's right to a fair trial, thereby requiring reversal. Cf. *Reetz v Kinsman Marine Transit Co,* 416 Mich 97, 111-112; 330 NW2d 638 (1982); *Kern v St Luke's Hospital,* 404 Mich 339; 273 NW2d 75 (1978); *Anderson v Harry's Army Surplus,* 117 Mich App 601, 615-616; 324 NW2d 96 (1982), lv den 417 Mich 1074 (1983). The facts of the case are readily distinguishable from *Kakligian v Henry Ford Hospital,* 48 Mich App 325; 210 NW2d 463 (1973), relied on by plaintiffs. Furthermore, the trial court gave the jury plaintiffs' requested curative instruction which we believe was more than adequate. We find no error.

III

Plaintiffs assert next that the trial court erred

by allowing the investigating police officer, Robert Henry, to testify when he had not been identified by defendants as an expert and there was no showing that the officer was qualified to testify as an expert. Initially, we note that the trial court did not rule that Officer Henry could testify as an expert. While it is true that Officer Henry had many years of experience in investigating accidents, no one claimed that Officer Henry was an expert in accident reconstruction. The trial court granted plaintiffs' request that Henry could testify only as to what he saw when investigating the accident scene. Plaintiffs maintain that the trial court improperly allowed Henry to go beyond this limitation when he offered his conclusions based on what he observed. Plaintiffs claim they had no opportunity to conduct discovery of this witness because he was not designated as an expert. We believe that plaintiffs had ample opportunity and incentive to find out what Officer Henry knew prior to trial. Henry was the officer who investigated the accident. Indeed, plaintiffs, as well as defendant, had Officer Henry listed on their witness lists.

Plaintiffs' specific objection to Officer Henry's testimony concerns his statements as to the position of the two vehicles prior to and at the time of impact, and as to the estimated speed defendant's vehicle was traveling at impact based upon the length of the skid marks from defendant's vehicle and applying calculations from a chart used by the Michigan State Police. Plaintiffs also cite Henry's opinion that Kimberly Mitchell turned too early.

We believe that Henry's testimony was proper under MRE 701. This rule allows a lay witness to give opinions or make inferences which are rationally based on the perception of the witness. Henry made reliable conclusions from given facts which

people in general could make. Henry's testimony was not overly dependent on scientific, technical or other specialized knowledge. MRE 702. See *Moore v Lederle Laboratories,* 392 Mich 289, 295; 220 NW2d 400 (1974).

Officer Henry was quite familiar with the area of the accident. His opinion that Kimberly Mitchell had turned too soon was based on his view of the accident site and his observation of the point where the impact occurred. Henry's testimony pertained to his perception of the accident scene which aided a clearer understanding of the facts at issue.

Additionally, Henry did not testify as to what speed defendant was traveling prior to the accident, just that at the point of impact the Michigan State Police chart indicated an estimated speed of from forty-five to fifty miles per hour. In fact, during plaintiffs' cross-examination of Henry, plaintiffs' counsel solicited and attempted to use Henry's measurements of skid marks and the State Police chart to make a case that defendant was traveling in excess of the speed limit. While not finding the trial court to have erred in allowing Henry to testify, plaintiffs' questioning of Officer Henry reinforces our conclusion that there was no error. To the extent that any of Officer Henry's testimony can be deemed to have been erroneously admitted, it certainly does not rise to the level of error requiring reversal.

IV

Plaintiffs claim that the evidence showed that defendant was traveling at a speed which rendered him unable to stop within the assured, clear distance ahead. Therefore, plaintiffs conclude that the trial court erred in denying plaintiffs' motion

for directed verdict as to defendant's negligence. Plaintiffs' view of the facts and their logic is skewed. Plaintiffs' interpretation of the assured clear distance statute would imply that any collision would result in a violation. Moreover, plaintiffs' estimate of defendant's speed was based on their own speculation. If any party was entitled to a directed verdict on the issue of negligence, it would have been defendant.

V

Plaintiffs contend that the trial court erred by not allowing as evidence that portion of the police report on the accident attributing to defendant a statement that when he got to the top of the hill the other vehicle was right in front of him and there was no time to do anything. This issue is not only meritless but frivolous. Without even addressing the admissibility of this statement, any error would be patently harmless because the defendant himself related practically the identical statement in his testimony. MCR 2.613(A).

VI

For their last issue against defendant Atkins, plaintiffs challenge defendant's testimony regarding his injuries from the accident as being irrelevant and thus prejudicial. The trial court ruled that testimony regarding how defendant was injured and what happened during the course of the accident was relevant and admissible. Defendant testified that he suffered bruises on his head, elbow and leg, and that he scraped the top of his head. Not only do we find this testimony relevant and its admission not an abuse of discretion, but we can discern no prejudice of any kind from its admission.

## VII

Plaintiffs also appeal from the order of summary disposition entered in favor of defendant Oldford. The trial court found that the accident occurred on a state trunkline highway under the exclusive jurisdiction of the Michigan State Highway Commission and that Oldford owed no duty to plaintiffs.

We find it undisputed that Ann Arbor Road (M-14) is a state trunk line highway under the exclusive jurisdiction and control of the State of Michigan. Colony Farms Road is under the jurisdiction of the Wayne County Road Commission. Oldford had designed the subdivision which Colony Farms Road led into during the late 1960's. It is plaintiffs' position that Oldford was negligent by placing the location of Colony Farms Road at its present intersection with Ann Arbor Road, thereby causing Ann Arbor Road to be unsafe for travel. The location of Colony Farms Road was approved by three levels of government before it was put into service. The Wayne County Road Commission took full control of Colony Farms Road in 1975. The intersection of Ann Arbor Road and Colony Farms Road is not a through intersection but a "T" intersection, that is, Colony Farms Road ends at Ann Arbor Road. The accident occurred entirely on Ann Arbor Road. The State of Michigan is charged with the responsibility for keeping Ann Arbor Road reasonably safe and fit for travel and may be held liable for its failure to do so. MCL 691.1402; MSA 3.996(102). The State of Michigan's jurisdiction over Ann Arbor Road is exclusive. There is no concurrent jurisdiction. See *Killeen v Dep't of Transportation,* 151 Mich App 7, 10-12; 390 NW2d 676 (1986), lv gtd 426 Mich 865 (1986); *Beyer v Fraternal Order of Eagles Aerie No 668,*

123 Mich App 492; 333 NW2d 314 (1983); *Potes v Dep't of State Highways,* 128 Mich App 765; 341 NW2d 210 (1983).

The cases cited and relied on by plaintiffs rest on readily distinguishable facts or are otherwise not applicable. We find no duty owed by Oldford to plaintiffs nor does Oldford have responsibility or liability for the condition of Ann Arbor Road or Colony Farms Road.

### VIII

Plaintiffs' last issue is their appeal from the order of summary disposition dismissing the Wayne County Road Commission from the case. The question of jurisdiction was properly and correctly decided by the trial court. Based on the authorities and facts cited in the discussion of the previous issue, jurisdiction over Ann Arbor Road rested exclusively with the State of Michigan. Plaintiffs are not foreclosed from pursuing their remedies against the state. We reject plaintiffs' argument that there is any common intersection where Colony Farms Road meets Ann Arbor Road rendering both entities liable. The accident occurred entirely on Ann Arbor Road, and the state's jurisdiction and control over that highway is exclusive. As with defendant Oldford, there being no genuine issue as to any material fact, the trial court properly granted summary judgment.

Affirmed.