MILLER v HENSLEY

Docket No. 214982. Submitted November 15, 2000, at Detroit. Decided
    February 2, 2001, at 9:10 A.M.

   Sharon K. Miller brought an action in the 44th District Court against
   Brian M. Hensley, alleging that the defendant had negligently
   caused a collision between their automobiles. After a jury trial in
   which two police officers who did not see the collision offered
   their lay opinions that the plaintiff was at fault for the accident, the
   court, Daniel Sawicki, J., entered judgment on a jury verdict of no
   cause of action. The Oakland Circuit Court, Denise Langford Mor-
   ris, J., affirmed, rejecting the plaintiff's challenge to the admission
   of the officers' opinion testimony. The plaintiff appealed by leave
   granted.

   The Court of Appeals held:

   MRE 701 limits lay opinion testimony to those opinions or infer-
   ences that are rationally based on the perception of the witness
   and helpful to a clear understanding of the witness' testimony or
   the determination of a fact in issue. In this case, the officers' testi-
   mony that the plaintiff was at fault for the collision was based on
   statements made to the officers by witnesses at the accident scene,
   not on the officers' own perceptions. Substantial justice requires
   that the judgment for the defendant be reversed and the matter be
   remanded for a new trial.

   Reversed and remanded.

1. EVIDENCE — LAY OPINION TESTIMONY.

   The lay opinion testimony of a witness must be rationally based on
   the witness' own perception (MRE 701).

2. APPEAL — JUDGMENTS — EVIDENTIARY ERRORS.

   Evidentiary errors are not a basis for vacating, modifying, or other-
   wise disturbing a judgment unless declining to take such action
   would be inconsistent with substantial justice (MCR 2.613[A]).

*Posner, Posner and Posner* (by *Samuel Posner* and
*Gerald F. Posner*), for the plaintiff.

*Secrest, Wardle, Lynch, Hampton, Truex and Morley* (by *Michael L. Updike* and *Mark F. Masters*), for the defendant.

Before: CAVANAGH, P.J., and TALBOT and METER, JJ.

CAVANAGH, P.J. Plaintiff, Sharon Kay Miller, appeals by leave granted an order affirming judgment in favor of defendant, Brian Michael Hensley. We reverse.

This claim arises as a consequence of a traffic accident involving plaintiff and defendant at the intersection of Twelve Mile Road and Campbell in the city of Royal Oak. Plaintiff testified that her vehicle was struck by defendant's vehicle while she was attempting to turn south off westbound Twelve Mile Road onto Campbell after the traffic light had changed from yellow to red. Defendant was traveling east on Twelve Mile Road when the collision occurred.

Plaintiff argues on appeal that the lower court improperly admitted testimony from two investigating police officers who opined that plaintiff was at fault for the accident. We agree.

Decisions regarding whether to admit evidence are within the trial court's discretion and will be reversed only where there is a clear abuse of discretion. *Chmielewski v Xermac, Inc*, 457 Mich 593, 614; 580 NW2d 817 (1998). An abuse of discretion exists when an unbiased person, considering the facts on which the trial court relied, would conclude that there was no justification or excuse for the decision. *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 188; 600 NW2d 129 (1999).

Plaintiff first argues that the officers' testimony was improperly admitted contrary to our Supreme Court's decision in *Washburn v Lucas*, 373 Mich 610; 130

NW2d 406 (1964), which held that testimony by an investigating officer regarding accident causation was inadmissible because it invaded the province of the jury. However, *Washburn* was decided before the adoption of the Michigan Rules of Evidence in 1978. The Rules of Evidence are binding on Michigan courts and their scope and applicability are governed by MRE 101 and MRE 1101. See *People v Berkey*, 437 Mich 40, 49; 467 NW2d 6 (1991). MRE 101 provides:

> These rules govern proceedings in the courts of this state to the extent and with the exceptions stated in Rule 1101. A statutory rule of evidence not in conflict with these rules or other rules adopted by the Supreme Court is effective until superseded by rule or decision of the Supreme Court.

The rule stated in *Washburn* and its progeny was not incorporated into the Michigan Rules of Evidence; therefore, the rule did not survive their adoption.

Next, plaintiff argues that the police officers' testimony was inadmissible under MRE 701 because the officers' opinions were based on the perceptions of other witnesses and not their own perceptions. We agree.

The admissibility of lay witness opinion testimony[1] is controlled by MRE 701, which provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

---

[1] Neither police officer who testified at trial was presented as an expert witness.

This Court has admitted lay opinion testimony from investigating police officers regarding fault in traffic accidents when the testimony was the result of direct observations and analysis of the accident scene. See *Richardson v Ryder Truck Rental, Inc*, 213 Mich App 447, 455-456; 540 NW2d 696 (1995); *Mitchell v Steward Oldford & Sons, Inc*, 163 Mich App 622, 629-630; 415 NW2d 224 (1987).

In the instant case, the officers' testimony that plaintiff was at fault for the collision was not rationally based on their own perceptions as required by MRE 701. Both officers testified that their opinion that plaintiff was at fault for the collision was based on their conclusion that defendant's vehicle entered the intersection on a yellow light. However, neither officer was present at the time of the collision. The officers' conclusions regarding the color of the traffic light when defendant entered the intersection were based solely on statements made by witnesses at the accident scene. Contrary to defendant's argument on appeal, the officers' opinions regarding fault were not based on their view of the vehicles and their observations of the point of impact. Because the officers' testimony that plaintiff was at fault for the collision was not rationally based on their own perceptions, the testimony was not admissible under MRE 701.

Evidentiary errors are not a basis for vacating, modifying, or otherwise disturbing a judgment unless declining to take such action would be inconsistent with substantial justice. See MCR 2.613(A); *Sackett v Atyeo*, 217 Mich App 676, 683; 552 NW2d 536 (1996). In this case, the admission of the officers' testimony that plaintiff was at fault for the collision, over plaintiff's objection, involved the principal issue of the

case and the jury rendered a verdict in conformance with the officers' improper testimony.[2] Further, contrary to defendant's argument on appeal, trial testimony did not clearly establish that plaintiff caused the collision. Plaintiff testified that the traffic light had turned red before she started to make her turn onto Campbell. The eyewitness testified that he was unable to recall the color of the light at the time defendant's vehicle entered the intersection. Consequently, substantial justice requires that we reverse the judgment for defendant and remand this matter for a new trial.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[2] Plaintiff's objection to the admission of the first officer's opinion testimony regarding his assignment of fault for the collision was overruled by the trial court. Plaintiff did not object to the second officer's substantially identical testimony. However, the issue was properly preserved for appellate review because an issue is not waived by a party's failure to make futile objections. *Baker v Wayne Co Bd of Rd Comm'rs*, 185 Mich App 82, 86-87; 460 NW2d 566 (1990). In addition, plaintiff timely moved to strike both officers' testimony from the record. MRE 103(a)(1).