VELTMAN v DETROIT EDISON COMPANY
CITIZENS INSURANCE COMPANY v DETROIT EDISON COMPANY

Docket Nos. 241500, 241501. Submitted November 4, 2003, at Detroit. Decided May 4, 2004, at 9:05 A.M.

Gary and Debra Veltman brought an action in the Oakland Circuit Court against Detroit Edison Company, seeking damages for loss resulting from a fire started by the defendant's power line. Citizens Insurance Company, the Veltmans' homeowner's insurer and subrogee, brought a separate lawsuit against Detroit Edison, seeking recovery of the amount it paid the Veltmans under the policy for fire damages. The actions were tried together before one jury. The jury determined that Detroit Edison was negligent and that the damages suffered by the Veltmans and Citizens were proximately caused by Detroit Edison's negligence. The court, Fred M. Mester, J., entered a judgment consistent with the jury's award of damages and, following a posttrial hearing, also awarded Citizens additional damages for an amount it paid the Veltmans for the loss of two vehicles destroyed in the fire, which vehicles were also insured by Citizens. Detroit Edison appealed with regard to both actions. The appeals were consolidated.

The Court of Appeals *held*:

1. The alleged incidents of misconduct by the plaintiffs' counsel, viewed separately or collectively, do not justify a new trial or require reversal. The trial court did not abuse its discretion in denying the defendant's motion for a mistrial.

2. The trial court did not abuse its discretion in denying the defendant's motion for a mistrial, which motion was based on alleged prejudice resulting from the reading of a newspaper article about the case by two prospective jurors who were dismissed from the case.

3. The trial court erred in precluding the defendant from presenting evidence on causation and fire-suppression methods through an expert witness on the basis of the defendant's failure to provide notice that it intended to claim that the fire department was also at fault. MCR 2.112(K) provides a shield from mandated

allocation of fault without notice but does not provide the plaintiffs a sword to eviscerate a defense on one of the elements comprising the plaintiffs' burden of proof. The defendant was not attempting to allocate fault to the fire department, but was attempting to show that it was the actions of the fire department that constituted the proximate cause of the plaintiffs' damages. The evidence was relevant to the element of proximate cause and the trial court abused its discretion in precluding the testimony.

Affirmed in part, reversed in part, and remanded for a new trial.

1. TRIAL — WITNESSES — COMMENTS OF COUNSEL.

Comments by counsel that generally suggest that a witness is lying are improper only where the accusation is unsubstantiated.

2. NEGLIGENCE — ACTIONS — DEFENSES.

It is entirely proper for a defendant in a negligence action to present evidence and argue that liability for an accident lies elsewhere, even on a nonparty.

3. NEGLIGENCE — LIABILITY OF NONPARTIES — NOTICE.

A party against whom a negligence claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault; the party may forgo the allocation of fault to a nonparty and, in that event, need not provide notice of nonparties subject to allocated liability; where the defense of lack of proximate cause is the contested issue rather than an allocation of fault to a nonparty, neither the liability of, nor an allocation of fault attributable to, the nonparty is submitted to the trier of fact for determination (MCL 2.112[K]; MCL 600.6304).

*Donald M. Fulkerson* for Gary and Debra Veltman and Citizens Insurance Company.

*John P. Jacobs, P.C.* (by *John P. Jacobs* and *Norton T. Gappy*), for Detroit Edison Company.

Before: WHITBECK, C.J., and ZAHRA and DONOFRIO, JJ.

DONOFRIO, J. Defendant Detroit Edison Company appeals from a jury verdict in favor of both the individual plaintiffs and their subrogated insurer. Defen-

dant further appeals from an additur granted to the insurer in a posttrial evidentiary hearing. We affirm in part, reverse in part, and remand for a new trial.

### BASIC FACTS AND PROCEDURAL HISTORY

Plaintiffs Gary and Debra Veltman (plaintiffs) lost their home in Highland Township after strong winds caused a power line to start a fire. Although the fire department responded to the fire, it did not suppress the fire until defendant sent a crew to shut off the power. Defendant's crew did not arrive at plaintiffs' home until more than eight hours after defendant was initially contacted. Plaintiffs sought damages for the loss of their property not covered by insurance. Plaintiffs' homeowner's insurer, Citizens Insurance Company (Citizens), as subrogee, filed a separate lawsuit against defendant, seeking recovery of the amount it paid to plaintiffs under the homeowner's policy. The two cases were tried jointly before one jury, which determined that defendant was negligent and that both plaintiffs' and Citizens' damages were proximately caused by defendant's negligence. The jury awarded plaintiffs $230,500, and awarded Citizens $213,600. In addition, following a posttrial hearing, the trial court awarded Citizens additional damages of $59,787, in connection with the loss of two vehicles destroyed in the fire. Defendant appeals as of right in both cases. The appeals were consolidated.

I

Defendant argues that a new trial is required because of misconduct by plaintiffs' attorney. We disagree.

This Court's role in reviewing claims of misconduct by counsel is set forth in *Reetz v Kinsman Marine Transit Co*, 416 Mich 97, 102-103; 330 NW2d 638 (1982):

When reviewing an appeal asserting improper conduct of an attorney, the appellate court should first determine whether or not the claimed error was in fact error and, if so, whether it was harmless. If the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial. If the error is so preserved, then there is a right to appellate review; if not, the court must still make one further inquiry. It must decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial. If the court cannot say that the result was not affected, then a new trial may be granted. Tainted verdicts need not be allowed to stand simply because a lawyer or judge or both failed to protect the interests of the prejudiced party by timely action.

Defendant moved for a mistrial based on some of the alleged misconduct. "Whether to grant or deny a mistrial is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion resulting in a miscarriage of justice." *Persichini v William Beaumont Hosp*, 238 Mich App 626, 635; 607 NW2d 100 (1999).

Defendant cites the following incidents as misconduct by plaintiffs' counsel sufficient to justify a new trial: (1) improperly arguing that defendant lied when answering interrogatories about a similar fire at a Plymouth courthouse; (2) improperly stating in his opening statement that the jurors should put themselves in plaintiffs' place; (3) speaking too loudly during a bench conference, which may have been heard by the jury; and (4) improperly commenting about some documents that were wrongly stapled together. Either separately or collectively, we do not believe the challenged comments require reversal.

Regarding counsel's comments about the interrogatories, the record discloses that the jury heard evidence

that defendant failed to disclose during discovery that, shortly before this fire occurred, it had been involved in a fire at a courthouse in Plymouth in which the fire department similarly could not put out the fire until defendant sent a crew to shut off the power. That incident was relevant to this case to show defendant was aware that fire departments do not suppress fires involving energized downed power lines until the power is shut off. The same attorney represented defendant in both cases, so it was not unreasonable for plaintiffs' counsel to argue that defendant was aware of the Plymouth courthouse fire and was trying to keep that information from plaintiffs.

Comments that generally suggest that a witness is lying are improper only if the accusation is unsubstantiated. *Powell v St John Hosp,* 241 Mich App 64, 80; 614 NW2d 666 (2000); *Badalamenti v William Beaumont Hosp-Troy,* 237 Mich App 278, 290-291; 602 NW2d 854 (1999). In this case, the evidence supported the challenged remarks and plaintiffs' counsel was justified in arguing that defendant's failure to provide the information about the Plymouth courthouse fire during discovery was probative of defendant's credibility. Counsel's comments related to the issues in this case and were not an attempt to improperly deflect the jury's attention from those issues. *Hunt v Freeman,* 217 Mich App 92, 95; 550 NW2d 817 (1996).

Defendant also argues that it was improper for plaintiffs' attorney to comment on mistakenly stapled documents during his closing argument, after the trial court ruled that plaintiffs could not argue that defendant fraudulently stapled the wrong documents together. During his closing argument, plaintiffs' attorney referred to the documents as having been mistakenly stapled together, referring to the matter as

an example of another "mistake" committed by defendant. Defendant did not object to counsel's comments. Therefore, we review the remarks for plain error. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). Because counsel did not argue that defendant engaged in fraud, we do not believe plain error resulted. Moreover, if there was error, it could have been corrected with a cautionary instruction, had defendant objected. *Thorin v Bloomfield Hills Bd of Ed,* 203 Mich App 692, 704; 513 NW2d 230 (1994). Therefore, this issue does not warrant appellate relief.

Defendant next argues that it was improper for plaintiffs' counsel, in his opening statement, to urge the jurors to place themselves in plaintiffs' position by imagining that all their personal belongings had been burned in a fire. Following a bench conference, plaintiffs' counsel corrected himself and confined his comments to what happened to plaintiffs as a result of the fire. Even without a curative instruction from the court, we do not believe these comments were so egregious as to require reversal.

Near the end of trial, defendant moved for a mistrial, arguing that the jurors may have overheard plaintiffs' attorney speaking loudly during a bench conference where facts not admitted at trial regarding the Plymouth courthouse fire were discussed. In addition, defendant argued that a mistrial was warranted because of counsel's comments, during closing arguments, about the Plymouth courthouse fire and, further, because of an article that appeared in the newspaper.

We conclude that the trial court did not abuse its discretion in denying defendant's motion for a mistrial. *Persichini, supra.* "A mistrial should be granted only when the error prejudices one of the parties to the extent that the fundamental goals of accuracy and

fairness are threatened." *In re Flury Estate,* 249 Mich App 222, 229; 641 NW2d 863 (2002). The court concluded that the jury was not affected by any comments it may have heard, and it instructed the jury that the comments and remarks by the attorneys were not evidence. We agree with the trial court that the record does not establish that plaintiffs' counsel engaged in conduct so egregious or pervasive as to amount to prejudicial error. *Hilgendorf v St John Hosp,* 245 Mich App 670, 682-683; 630 NW2d 356 (2001).

II

Defendant moved for a mistrial because of an article that appeared in *The Detroit Free Press* on the first day of the trial. The article contained statements from plaintiffs' counsel about his theory of the case. The article also contained comments from a spokesperson for defendant about defendant's theory and position.

The trial court was aware of the article and questioned the jury pool about it during voir dire. Two jurors admitted that they had read the article. One of the jurors admitted that the juror had read it in the jury room that morning. The trial court excused the two jurors who had read the article after they admitted that they had formed opinions about the case. During the voir dire, the trial court was careful not to mention or elicit any information from the jurors about the content of the article. After the two jurors were excused, defendant did not raise any objections on the record to the jury-selection process based on the publicity until after a jury was selected.

Although it appears that plaintiffs' counsel violated MRPC 3.6 by talking to the media on the eve of the trial, the record does not demonstrate that defendant was prejudiced in such a manner that a mistrial was re-

quired. *In re Flury Estate, supra.* The entire jury pool was not exposed to the article. The court dismissed the two jurors who had read the article and the court's questioning of these jurors did not taint the remaining jurors. Further, we find no support in the record for defendant's assertion that all the jurors were somehow exposed to the article in the jury assembly room. The court stated on the record that the jury clerk did not supply newspapers to the jury.

We also reject defendant's claim that it was denied an opportunity to properly explore this issue with the jury members. Although the trial court conducted the voir dire, it stated that it was willing to ask any questions posed by the attorneys. The record does not indicate that the court refused to ask any questions that defendant requested. Furthermore, we do not believe the actual content of the article was so prejudicial that if any jury members had read it, it would have prevented them from deciding this case on the basis of the evidence. The article generally mirrored the evidence and theories that were presented at trial. Thus, defendant's reliance on *Putro v Baker*, 147 Mont 139; 410 P2d 717 (1966), is misplaced. We reject defendant's claim that the trial court abused its discretion in denying its motion for a mistrial. *Persichini, supra.*

III

Defendant argues that the trial court erred by precluding it from presenting evidence on causation and fire-suppression methods through its expert witness, William Peck. Peck was timely endorsed as an expert fire witness over one year before trial. And plaintiffs deposed him two weeks before trial. At that time, plaintiffs learned that the witness would discredit their own expert and that Peck was advancing the theory

that the damages sustained by plaintiffs were caused solely by the fire department. Plaintiffs and Citizens moved to prohibit Peck's testimony on the basis that it was relevant only to show that the fire department may have been negligent in fighting this fire, and that the fire could have been suppressed before defendant's crew arrived to shut off the power. They argued that defendant failed to provide notice that it intended to claim the fire department was also at fault, in violation of MCR 2.112(K).

The trial court granted the motion by plaintiffs and Citizens, and ruled that Peck could not testify regarding the theory that the fire department proximately caused the damages. Defendant not only denied proximate causation of the suffered damages, but also advanced the theory, as argued before the court and as provided in its tenth affirmative defense, that the conduct of others was an intervening proximate cause of the damages sustained by plaintiffs. While the court did not prohibit defendant from calling Peck as a witness if it could establish that his testimony was relevant on another issue, the trial court did preclude expert evidence on defendant's theory that the fire department's conduct was an intervening (superceding) proximate cause of plaintiffs' damages.

The construction and interpretation of statutes and court rules are questions of law that we review de novo. *Marshall Lasser, PC v George,* 252 Mich App 104, 107; 651 NW2d 158 (2002). A trial court's decision to admit evidence will not be disturbed unless the trial court abused its discretion. *Cole v Eckstein,* 202 Mich App 111, 113; 507 NW2d 792 (1993).

The trial court's reliance on MCR 2.112(K) was misplaced. Defendant appropriately acknowledged that it was not claiming nonparty fault for purposes of a

percentage allocation of responsibility. To so claim in the absence of the requisite notice is a violation of the rule. Counsel argued before the trial court that while defendant could have taken advantage of the nonparty-fault statutes and rules to attempt to diminish its responsibility, MCL 600.2957(1), MCL 600.6304, and MCR 2.112(K), it waived the right and stated:

> [W]e're willing to live with that. However, that doesn't mean that we're going to say that, yes, we were the proximate cause of this and, no, nobody else was the proximate cause, when proximate cause is still an element here separate from 2.112(K), Notice of Nonparty's [sic] At Fault, and we're just simply not asking for that assessment on the verdict form, Your Honor.

MCL 600.6304(1) allows a court, upon agreement of all parties to the action, to forgo the percentage allocation of fault.

Proximate causation is a fundamental concept in tort law. The defense of failure to establish proximate causation is an elemental defense. This court stated in *Mitchell v Steward Oldford & Sons, Inc,* 163 Mich App 622, 627; 415 NW2d 224 (1987), "[i]t is entirely proper for a defendant in a negligence case to present evidence and argue that liability for an accident lies elsewhere, even on a nonparty."

Defendant argues that MCL 600.2957(1) precludes the trial court's application of MCR 2.112(K)(2) to bar the proffered expert witness testimony on proximate cause. Defendant does not assert, and we do not decide, that a conflict exists between MCR 2.112(K)(2) and MCL 600. 2957(1). It is the trial court's application of the court rule under these facts that suggests a conflict.

MCR 2.112(K) is a rule of procedure. "It is beyond question that the authority to determine rules of practice and procedure rests exclusively with [the Supreme]

Court." *McDougall v Schanz,* 461 Mich 15, 26; 597 NW2d 148 (1999). MCR 2.112(K) was promulgated in response to the Legislature's adoption of MCL 600.2957 and MCL 600.6304. MCR 2.112(K) concerns the procedural implementation of the elimination of joint liability, the reapplication of several liability, and the allocation of fault to a nonparty as provided in MCL 600.2957 and MCL 600.6304. The purposes of the court rule are to provide notice that liability will be apportioned, provide notice of nonparties subject to allocated liability, and allow an amendment to add parties, thereby promoting judicial efficiency by having all liability issues decided in a single proceeding.

If a party desires to take advantage of the limitations of the cited statutes, notice under the court rule is a prerequisite. MCR 2.112(K)(3)(a) provides, "[a] party against whom a claim is asserted *may* give notice of a claim that a nonparty is wholly or partially at fault." (Emphasis added.) The use of the word "may" in the court rule is permissive. The permissive nature of the rule is consistent with the right of a party to forgo fault allocation as provided in MCL 600.6304. MCR 2.112(K) provides plaintiffs a shield from mandated allocation of fault without notice. MCR 2.112(K) does not provide plaintiffs a sword to eviscerate a defense on one of the elements comprising plaintiffs' burden of proof. However, when the proximate cause defense is the contested issue rather than an allocation of fault to a nonparty, neither the liability of, nor an allocation of fault attributable to, the nonparty is submitted to the trier of fact for determination. Any other interpretation of the court rule results in a change in fundamental and substantive law, a change better left to the Legislature.

The trial court was distracted by the MCR 2.112(K) argument and failed to appreciate the proffered and

elemental defense of the sole and proximate cause. Proximate cause was a contested issue from the inception of the litigation. Peck was a properly identified and listed witness subject to discovery long before the trial. In disallowing Peck's testimony that the fire department was the sole and proximate cause of plaintiffs' damages, the trial court abused its discretion in barring the testimony. "Evidentiary errors are not a basis for vacating, modifying, or otherwise disturbing a judgment unless declining to take such action would be inconsistent with substantial justice." *Miller v Hensley,* 244 Mich App 528, 531; 624 NW2d 582 (2001). A court's vitiation of a proper defense by the exclusion of evidence is such an injustice that requires reversal and remand for a new trial.

IV

Defendant argues that it was denied its right to a jury trial with regard to the separate issue of the lost vehicles. During trial, Citizens realized that it had failed to include the lost vehicles, insured under a separate automobile policy, in its complaint and asked the court to amend its request for damages to include the vehicles lost in the fire in plaintiffs' garage. Defendant objected, arguing it was unfairly surprised, that the right of subrogation had not been established, and that it had no opportunity to conduct discovery concerning the value of the vehicles. On the next day of trial, Citizens suggested that the jury still be allowed to consider defendant's liability, but that the trial court could later rule on the question of damages if defendant did not prevail on the question of liability. In the interim, Citizens would attempt to acquire the evidence on coverage, subrogation, and damages. Defense counsel agreed that this remedy was a possibility and

suggested revisiting the issue. The court ruled that the jury would not consider any damages involving the vehicles, did not rule on the motion to amend, and did not rule that it would later determine damages for the vehicles only. In a curious posttrial proceeding, the trial court decided the issues and provided the insurer with an additur. We need not reach this assignment of error by virtue of our determination in section III.

We affirm in part, reverse in part, and remand for a new trial.