*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STANLEY PUDELEK, Individually and as Personal Representative for the ESTATE OF VALINDA PUDELEK,

      Plaintiff-Appellee/Cross-Appellant,

v

JURIN BORIBOON,

      Defendant-Appellant/Cross-Appellee.

UNPUBLISHED
September 17, 2025
1:18 PM

Nos. 369616; 369835
Wayne Circuit Court
LC No. 23-000219-NI

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

PER CURIAM.

In Docket No. 369616, defendant, Jurin Boriboon, appeals by leave granted the trial court's order denying his motion for summary disposition under MCR 2.116(C)(10) (genuine issue of material fact).[1] In Docket No. 369835, defendant appeals by leave granted the trial court's order regarding the motion in limine filed by plaintiff, Stanley Pudelek, to preclude Officer David Todd from testifying on his opinion regarding the speed of defendant's vehicle.[2] Plaintiff cross-appeals the same order in Docket No. 369835.[3] For the reasons stated in this opinion, we affirm in part and reverse in part. The trial court properly denied defendant's motion for summary disposition on plaintiff's negligence claim and properly granted plaintiff's motion in limine, but erred in

---

[1] *Estate of Valinda Pudelek v Boriboon*, unpublished order of the Court of Appeals, entered March 21, 2024 (Docket No. 369616).

[2] *Estate of Valinda Pudelek v Boriboon*, unpublished order of the Court of Appeals, entered March 21, 2024 (Docket No. 369835). This Court also ordered the consolidation of Docket Nos. 369616 and 369835. *Id*.

[3] Plaintiff's cross-appeal was filed in both consolidated appeals, but it concerns only the order regarding Officer Todd's testimony.

denying defendant's motion for summary disposition on plaintiff's claim for intentional infliction of emotional distress (IIED).

## I. BACKGROUND AND FACTS

This case arises from a fatal vehicle accident that killed plaintiff's wife, Valinda Pudelek. The Pudeleks left the Knights of Columbus hall in Wyandotte around 9:00 p.m. on October 1, 2022 to retrieve a forgotten item from their vehicle. The Pudeleks had parked their vehicle on Pine Street, a residential street that intersected with Third Street, a four lane road. Plaintiff was wearing a tuxedo, and Valinda was wearing a long purple dress and black shoes. The Pudeleks walked from the sidewalk to the unmarked crosswalk to cross Third Street on their return to the hall. Plaintiff looked both ways and did not observe any traffic, walking slightly ahead of Valinda. As the Pudeleks crossed, defendant was driving south on Third Street and his vehicle struck Valinda. Valinda died from her injuries.

The accident was captured on a Ring doorbell camera. There was no stop sign at the intersection in the direction that defendant was traveling, but there was for cross-traffic on Pine Street. Streetlights illuminated the area and defendant's headlights were on. Plaintiff testified that he did not observe defendant break or swerve, and this is supported by the video footage.

Lieutenant Robert Lukofsky, a member of the Downriver Crash Team (DRCT) who is certified in accident reconstruction, responded to the scene. He testified that defendant was exceeding the posted speed limit of 25 miles per hour when his vehicle struck Valinda, driving between 26 and 32 miles per hour, and most likely between 30 and 31 miles per hour. Lieutenant Lukofsky also concluded that defendant did not try to slow down or stop before the collision.

Officer Todd, another member of the DRCT, was also dispatched to the scene to investigate the accident. He observed that the area was dimly lit but had working streetlights. Defendant told Officer Todd that he saw a group of individuals "appear out of nowhere." In his deposition, Officer Todd testified that defendant was traveling at a speed between 26 and 32 miles per hour at the point of collision. After the investigation, Officer Todd referred defendant to the Secretary of State for a driver evaluation because he was involved in a fatal motor vehicle accident and because of his advanced age. At the administrative hearing, Officer Todd, reading from his accident report, testified that " '[w]e do not believe that speed was a factor in the collision that resulted in the death of Ms. Pudelek.' " Officer Todd testified that "we" included Detective Joseph Carr, the officer in charge, and Lieutenant Lukofsky. The magistrate at the hearing found that there were no concerns that defendant was negligent and no action was ordered on defendant's license. Although Detective Carr sent the investigative report to the prosecutor, as is the practice for fatality cases, no charges were filed.

Plaintiff filed a complaint alleging claims of negligence/gross negligence and IIED (which he also labeled "bystander recovery"). Following discovery, defendant moved for summary disposition, arguing that plaintiff was unable to establish that he was negligent, and if he was found negligent, that Valinda was more than 50% at fault, and therefore, plaintiff could not recover damages under MCL 500.3135(2)(b). Defendant also argued that because plaintiff presented no evidence that defendant exhibited extreme or outrageous behavior, acted recklessly or with intent

to injure Valinda, or caused the accident, the trial court should dismiss plaintiff's claim of IIED. The trial court denied defendant's motion, finding that there were genuine issues of material fact.

Additionally, plaintiff filed a motion in limine to preclude Officer Todd from testifying at trial that speed was not a factor in the accident because he did not engage in any scientific analysis of defendant's speed. The trial court ruled that Officer Todd could not offer any opinion testimony on defendant's speed. This appeal and cross-appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is appropriate under MCR 2.116(C)(10) if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." The moving party "must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact" and support its motion with documentary evidence. *Maiden*, 461 Mich at 120, citing MCR 2.116(G)(4). To survive a motion for summary disposition, the party opposing the motion must set forth specific facts establishing a genuine issue of material fact for trial. *Maiden*, 461 Mich at 120-121, citing MCR 2.116(G)(4). A genuine issue of material fact exists when the evidence presented, when viewed in the light most favorable to the nonmovant, "leave[s] open an issue upon which reasonable minds might differ." *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013) (quotation marks and citation omitted). A trial court cannot assess the credibility of witnesses or make factual findings on a motion for summary disposition. *White v Taylor Distrib, Co*, 482 Mich 136, 142; 753 NW2d 591 (2008).

We review a trial court's decision to grant or deny a motion in limine for an abuse of discretion. *Law Offices of Jeffrey Sherbow, PC v Fieger & Fieger, PC*, 347 Mich App 533, 550; 15 NW3d 356 (2023). "However, to the extent the decision involves the proper application of legal principles, that aspect of the decision is reviewed de novo." *Id*.

## III. ANALYSIS

### A. SUMMARY DISPOSITION

### 1. NEGLIGENCE

Defendant argues that the trial court erred by denying his motion for summary disposition as to Count I, negligence/gross negligence, because Valinda was more than 50% at fault. We disagree.

In support of his motion, defendant asserted that MCL 500.3135(2)(b), a provision of the no-fault insurance act, MCL 500.3101 *et seq*., barred plaintiff's recovery. MCL 500.3135 provides, in relevant part:

> (1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured

person has suffered death, serious impairment of body function, or permanent serious disfigurement.

> (2) For a cause of action for damages under subsection (1) . . . :

> * * *

> (b) Damages must be assessed on the basis of comparative fault, except that damages must not be assessed in favor of a party who is more than 50% at fault.

The extent of comparative fault for failure to use due care for one's safety is generally a jury question, unless reasonable minds could not differ or because of a public policy consideration. *Rodriguez v Solar of Mich, Inc*, 191 Mich App 483, 488; 478 NW2d 914 (1991).

We begin by assessing whether there is evidence that defendant was negligent. To establish a prima facie case of negligence, a party must establish a duty, a breach of the duty, damages, and that the damages were caused by the breach of duty. *Composto v Albrecht*, 328 Mich App 496, 499; 938 NW2d 755 (2019). An operator of a motor vehicle owes a duty to pedestrians to exercise due care. *Poe v Detroit*, 179 Mich App 564, 571; 446 NW2d 523 (1989).[4] Various statutes also impose duties on drivers, such as MCL 257.627(1), the "assured clear distance ahead" rule. This statute generally provides that "a driver shall not operate his vehicle so fast that he cannot bring it to a complete stop within that distance head of him in which he can clearly perceive any object that might appear in his path." *Cole v Barber*, 353 Mich 427, 431; 91 NW2d 848 (1958).

> If a motorist drives faster than his perception and braking ability safely permit him to do, and an accident results because of it, he is negligent as a matter of law. Conversely, a motorist is not necessarily negligent as a matter of law if another vehicle or other moving object suddenly intersects his lane of travel or line of vision at some intermediate point within his assured clear distance ahead. In such a case his negligence or lack of it are properly questions of fact for the jury to determine. [*Id.*]

MCL 257.627(16) and MCL 257.628(9) provide that a driver who violates an established speed limit "is responsible for a civil infraction." And a jury may infer negligence from evidence that a party violated a motor vehicle statute. See *Gould v Atwell*, 205 Mich App 154, 160; 17 NW2d 283 (1994).

There is evidence from which a reasonable jury could find that defendant operated his vehicle negligently. Lieutenant Lukofsky testified that defendant exceeded the posted speed limit of 25 miles per hour when his vehicle struck Valinda, and that he never engaged his brakes. Indeed, the vehicle does not appear to slow down in the video footage of the incident. Plaintiff

---

[4] We are not strictly bound by decisions of this Court issued before November 1, 1990, see MCR 7.215(J)(1), but such opinions are considered precedent and are entitled to significantly more deference than unpublished opinions. *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018).

crossed the road first, with Valinda trailing behind him, and then defendant's vehicle struck Valinda. The video shows that although it was dark, streetlights illuminated the area, and defendant's headlights illuminated the path ahead of him. This evidence could support a finding that defendant failed to exercise due care, see *Poe*, 179 Mich App at 571, and violated statutes concerning speeding and the assured clear distance ahead rule, such that the jury may infer negligence. See *Gould*, 205 Mich App at 160.

We turn now to Valinda and evidence from which a fact-finder could assign fault to her for the accident. Before crossing a street, pedestrians must make proper observations, look for approaching traffic, continue their observations while crossing, and use ordinary care. *Malone v Vining*, 313 Mich 315, 321; 21 NW2d 144 (1946). While pedestrians can assume that drivers will use ordinary care and caution, they cannot simply rely on that assumption "if there comes a time where [they know], or ought to know by the exercise of reasonable care, [they are] being placed in danger. [They] must take such care for [their] own safety as a reasonable, careful, prudent person would do under similar circumstances." *Id.* (quotation marks and citation omitted).

Defendant asserts that Valinda violated several statutes, including MCL 257.676b, which would constitute negligence per se. See *Meyers v Rieck*, 509 Mich 460, 472; 983 NW2d 747 (2022). MCL 257.676b(1) provides, in pertinent part:

> [A] person, without authority, shall not block, obstruct, impede, or otherwise interfere with the normal flow of vehicular, streetcar, or pedestrian traffic upon a public street or highway in this state, by means of a barricade, object, or device, or with his or her person.

"The statute's clear terms thus require some evidence that the accused's conduct actually affected the usual smooth, uninterrupted movement or progress of the normal flow of traffic on the roadway, which requires an assessment of traffic at the time of the alleged offense." *People v Lucynski*, 509 Mich 618, 648; 983 NW2d 827 (2022) (emphasis omitted).

Defendant argues that Valinda had a duty, which she breached, to look for oncoming traffic to ensure her safety as she crossed Third Street. The video evidence shows that Valinda walked across Third Street into the lane in which defendant was driving. She was wearing dark purple clothing and it was dark outside. Officer Todd and Lieutenant Lukofsky testified that Valinda was in the inner southbound lane when defendant hit her. Neither party presented any evidence that pedestrians had a right-of-way at that intersection. Circumstantial evidence suggests that Valinda did not see the vehicle, and therefore did not look to see whether a vehicle was approaching. A jury could therefore find that she did not exercise due care before or while crossing, see *Malone*, 313 Mich at 321, or that she impeded traffic under MCL 257.676b.

In light of these considerations, there is evidence from which a jury could conclude that Valinda was negligent. However, viewing the evidence in the light most favorable to plaintiff, we disagree with defendant that the evidence conclusively establishes that Valinda was more than 50% at fault. There is evidence from which a jury could determine that both defendant and Valinda shared fault for the accident. Considering this conflicting evidence, the trial court did not err by denying defendant's motion for summary disposition because there were genuine issues of material fact for the jury to determine. See *Rodriguez*, 191 Mich App at 488.

## 2. IIED

Defendant next argues that the trial court erred by denying his motion for summary disposition as to Count II of plaintiff's complaint. We agree.

Defendant argues that summary disposition of plaintiff's IIED claim should have been granted because there was no evidence that he engaged in extreme and outrageous conduct or that he acted intentionally or recklessly. "The elements of IIED are (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Moore v Detroit*, 252 Mich App 384, 389; 652 NW2d 688 (2002) (citation and quotation marks omitted). Whether defendant's conduct can reasonably be regarded as extreme and outrageous is initially a question for the trial court, but if reasonable minds could differ, the question goes to the jury. *Swain v Morse*, 332 Mich App 510, 534; 957 NW2d 396 (2020).

Plaintiff does not attempt to defend the IIED claim, but argues for the first time on appeal that the claim should survive summary disposition because in substance it is a claim for negligent infliction of emotional distress (NIED) and was merely mislabeled in the complaint as a claim for IIED. To be sure, there are signs that plaintiff intended in his complaint to assert a claim for NIED rather than IIED. For instance, this count of his complaint is also labeled "bystander recovery," which is typically associated with NIED, not IIED. And the allegations in plaintiff's complaint generally track the elements for NIED rather than IIED. But because plaintiff did not present this theory below in response to defendant's motion for summary disposition, it is unpreserved. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Plaintiff's sole argument in the trial court was that there was evidence to support an IIED claim. Just as a party " 'may not shift ground on appeal . . . after being unsuccessful on the one presented in the trial court,' " *Webster v Osguthorpe*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket Nos. 166627 and 166678); slip op at 7 n 5, citing *Three Lakes Ass'n v Whiting*, 75 Mich App 564, 581; 255 NW2d 686 (1977), plaintiff here may not argue for the first time on appeal that the claim he defended as IIED in the trial court was NIED all along. Therefore, we deem this argument waived and we decline to address it.[5]

Additionally, we agree with defendant that no evidence supports the first element of IIED. "Liability for [IIED] has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Doe v Mills*, 212 Mich App 73, 91; 536 NW2d 824 (1995). The first element is met if the defendant's conduct would lead an average member of the public to exclaim in anger, "Outrageous!" *Id.* In *Doe*, this Court allowed an IIED claim to proceed against defendant abortion protestors who carried large signs in public that displayed the plaintiffs' names and revealed that the plaintiffs would undergo abortions. *Id.* at 91-93. The evidence here, viewed in the light most favorable to plaintiff, is that defendant was driving up to six miles over the speed limit, did not see a pedestrian crossing the street at night, and did not slow down or take evasive action before striking her with his vehicle. Although, as

---

[5] Plaintiff states that on remand, he will seek to amend his complaint to correct his labeling error. We offer no opinion as to how the court should treat that request.

discussed, there is evidence that defendant was negligent, the record is devoid of facts that might suggest outrageous behavior, such as driving at an excessively high speed, driving while inebriated, or leaving the scene. Plaintiff does not argue to the contrary. Instead, plaintiff has abandoned any argument that there is a genuine issue of material fact for trial. See *Maiden*, 461 Mich at 120-121, citing MCR 2.116(G)(4). Therefore, we reverse in part the trial court's order denying defendant's motion for summary disposition, and we remand for entry of summary disposition in defendant's favor on plaintiff's IIED claim.

## B. MOTION IN LIMINE

## 1. DEFENDANT'S APPEAL

Defendant also argues that the trial court abused its discretion by granting plaintiff's motion in limine and precluding Officer Todd from testifying regarding the speed of defendant's vehicle. We disagree.

There is no dispute that Officer Todd would be called as a lay witness. MRE 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

> (a) rationally based on the witness's perception; and

> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue.

"This Court has admitted lay opinion testimony from investigating police officers regarding fault in traffic accidents when the testimony was the result of direct observations and analysis of the accident scene." *Miller v Hensley*, 244 Mich App 528, 531; 624 NW2d 582 (2001). Police testimony that involves the police officer's personal observations is admissible. *Latits v Phillips*, 298 Mich App 109, 113-114; 826 NW2d 190 (2012). By contrast, testimony given on the basis of statements made by witnesses to an accident, rather than an officer's personal observation of the involved vehicles and point of impact, is not admissible. *Miller*, 244 Mich App at 531.

In deposition testimony, Officer Todd testified that he had been trained in basic crash investigation, basic traffic homicide investigation, and advanced traffic homicide investigation. Officer Todd secured and photographed the scene, identified the parties, and observed the scene and surrounding area. He also spoke to defendant and an eyewitness. Officer Todd stated that defendant was speeding with a range of speed between 26 and 32 at the point of impact. But Officer Todd also testified that Lieutenant Lukofsky was responsible for calculating and reporting defendant's speed during the crash.

Considering Officer Todd's deposition testimony, the trial court properly ruled that he could not testify about the speed of defendant's vehicle. Although defendant argues that the trial court's ruling was the product of impermissible credibility determinations, we disagree. Officer Todd did not analyze the evidence, and his testimony concerning defendant's speed was not made on the basis of his personal observations, but rather, was grounded in Lieutenant Lukofsky's

calculations. That is, such testimony was not made on the basis of Officer Todd's personal observations and analysis of the accident scene. See *Miller*, 244 Mich App at 531. Therefore, we affirm the trial court's order.

## 2. PLAINTIFF'S CROSS-APPEAL

On cross-appeal, plaintiff argues that the trial court's written order regarding his motion in limine should be vacated because it did not accurately reflect the trial court's ruling from the bench. We disagree.

Here, the trial court entered its written order under MCR 2.602(B)(3), commonly known as the seven-day rule. Under this rule, "[w]ithin 7 days after the granting of [a] judgment or order" at a hearing, "a party may serve a copy of the proposed judgment or order on the other parties, with a notice to them that it will be submitted to the court for signing if no written objections to its accuracy or completeness are filed . . . ." *Id.* The other party may object and serve its objection together with an alternative proposed order and notice of hearing to enable the trial court to resolve the dispute at a hearing. See MCR 2.602(B)(3)(c)-(d). Whether the order was properly entered under MCR 2.602(B) involves the interpretation and application of court rules, which we review de novo. *Jones v Jones*, 320 Mich App 248, 259; 905 NW2d 475 (2017). "[A] court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). However, this Court has also stated that "the orders and judgments arising from MCR 2.602(B)(3) are to comport with those earlier oral pronouncements. Consequently, if the court modifies what it previously stated orally, some type of explanation, at a minimum, would be warranted." *Jones*, 320 Mich App at 261 n 5. Further, an "error in a ruling or order . . . is not ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice." MCR 2.613(A).

Plaintiff sought in his motion in limine to preclude Officer Todd from testifying that speed was not a factor in the accident because he did not engage in any scientific analysis of defendant's speed. At his deposition, Officer Todd opined that when he stated at the administrative hearing (quoting from the accident report) that "[w]e do not believe that speed was a factor in the collision that resulted in the death of [Valinda]," he believed that this opinion was shared by everyone involved in the investigation, including Detective Carr and Lieutenant Lukofsky. It is this testimony that plaintiff specifically sought to exclude. As discussed above, Officer Todd also reiterated Lieutenant Lukofsky's estimations of the vehicle's speed.

At the hearing, the trial court ruled that Officer Todd cannot offer opinion testimony as to defendant's speed. The trial court also explained that it was not going to rule in advance on other possible testimony by Officer Todd, as it did not know the extent of the foundation that defendant intended to introduce at trial to establish Officer Todd's experience and crash test history. When plaintiff's counsel sought clarification of the ruling, noting that the motion specifically sought exclusion of testimony that speed was not a factor in causing the accident, the trial court responded that Officer Todd "cannot offer an opinion testimony as to the Defendant's speed. That follows that he can't say that speed was not a factor." The court immediately reiterated that its order precluding testimony about speed "would include that speed wasn't a factor. He can't offer that testimony."

Defendant submitted a seven-day order to reflect the court's ruling, which stated that "Officer Todd may not give an opinion as to the speed of Defendant's vehicle." Plaintiff objected and asked the trial court to enter his proposed order, which stated that Officer Todd may not give any opinions as to the defendant's speed, including whether speed was a factor in the accident. The trial court proceeded to enter defendant's proposed order.

Plaintiff argues that the written order does not comport with what the trial court pronounced from the bench, and we agree. During the hearing on plaintiff's motion, the trial court twice stated on the record that Officer Todd would not be able to testify "that speed was not a factor" in the accident. But that portion of its ruling is absent from the written order. However, we nonetheless affirm the order as written because it was correct. If an appropriate foundation is laid at trial, Officer Todd may testify as to his opinion on whether speed contributed to the accident to the extent that such testimony is based on what he directly observed and analyzed at the accident scene. See *Miller*, 244 Mich App at 531. It is therefore premature to exclude such testimony. Indeed, the trial court recognized as much when it observed that it would be possible for defendant to open the door to other opinion testimony after laying an appropriate foundation. Therefore, we decline to disturb the trial court's written order as requested in plaintiff's cross-appeal.

## IV. CONCLUSION

The trial court's order denying defendant's motion for summary disposition is affirmed as to plaintiff's claim for negligence and reversed as to plaintiff's claim for IIED. The trial court's order regarding plaintiff's motion in limine is affirmed. The case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs are awarded, neither party having prevailed in full. MCR 7.219.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Daniel S. Korobkin